MICHIGAMME OIL CO. *v.* HURON VALLEY BUILDING & SAVINGS ASS'N.

1. JUDGMENTS—COURTS SPEAK THROUGH JUDGMENTS AND DECREES.
   Courts speak through their judgments and decrees, not through their opinions.

2. APPEAL AND ERROR—ORDERS REVIEWABLE.
   Court order granted by opinion but not entered will not be reviewed (Court Rule No. 10, § 5 [1933]).

3. MORTGAGES—MORATORIUM RELIEF—ORDERS REVIEWABLE—EQUITY.
   Mortgagor's appeal from order dissolving injunction which had been granted against purchaser at foreclosure sale upon bill in equity filed shortly before expiration of period of redemption and had been followed by hearing and order granting

moratorium relief *held,* without merit, where moratorium order had never been entered, bankruptcy court in involuntary proceedings had declared mortgagor without right, title or interest in the property and it had not paid rental ordered (Act No. 98, Pub. Acts 1933; Court Rule No. 10, § 5 [1933]).

Appeal from Washtenaw; Lamb (Frederick S.), J., presiding. Submitted April 15, 1937. (Docket No. 95, Calendar No. 39,289.) Decided May 21, 1937.

Bill by Michigamme Oil Company, a Michigan corporation, against Huron Valley Building & Savings Association, a Michigan corporation, Valvoline Oil Company, a New Jersey corporation, and John S. Cummings, Washtenaw County Register of Deeds, for relief under the provisions of moratorium statute, Act No. 98, Pub. Acts 1933, an injunction and other relief. From order dissolving injunction, plaintiff appeals. Affirmed.

*Burke & Burke,* for plaintiff.

*Victor H. Lane, Jr.,* for defendant Valvoline Oil Co.

WIEST, J. A mortgage upon the property of plaintiff company was foreclosed by advertisement. Defendant Valvoline Oil Company, holder of a junior mortgage, was the purchaser at the sale and filed the sheriff's deed with the register of deeds, to become effective at the expiration of the period of redemption. A few days before the expiration of the period of redemption plaintiff filed a bill in equity invoking provisions of the moratorium statute (Act No. 98, Pub. Acts 1933) and thereupon the court granted an injunction and after a hearing and

in a signed opinion, but without any order entered thereon, stated that plaintiff was entitled to relief under the act, and fixed the rental to be paid by plaintiff at $20 per month, to be paid monthly in advance. Subsequently an involuntary proceeding in bankruptcy was brought against plaintiff and in that proceeding the Valvoline Oil Company, by petition, obtained from the Federal court an order releasing the premises here involved under a finding that plaintiff herein had no right, title or interest therein. Then the Valvoline Oil Company petitioned the circuit court to dissolve the injunction and thereby make the sheriff's deed effective. The circuit court dissolved the injunction and declared the sheriff's deed to be in full force and effect.

It appears from the pleadings that plaintiff never paid any of the rental mentioned.

As before stated the court filed an opinion granting relief under the moratorium statute but no order was ever entered.

Plaintiff contends that the opinion served as an order, while defendant asserts that the opinion merely granted an order and calls attention to the provisions of Court Rule No. 10, § 5 (1933):

"Whenever an order has been granted in any chancery proceeding it shall be presented for signature within five days after the granting of the same. If such order is not so presented or time extended by the court, it will be considered as abandoned."

We have repeatedly held that:

"Courts speak through their judgments and decrees, not through their opinions." *Boyle* v. *Berg,* 242 Mich. 225.

See, also, *Harnau* v. *Haight,* 212 Mich. 66, and cases there cited.

Had an order been entered review thereof might have been had, but mere opinions are not reviewable.

Plaintiff never had an order under the moratorium statute; the adjudication in the bankruptcy proceeding should have been observed and the circuit court was fully justified in ending the delay. There is no merit in the appeal.

Affirmed, with costs to defendant Valvoline Oil Company.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.