THE STATE, EX REL. GANGALE, *v.* KHAL, CHAIRMAN, ET AL.

(No. 47425—Decided January 12, 1984.)

*Mr. George K. Simakis* and *Mr. Alex Rokakis,* for relator.

*Mr. John D. Maddox,* director of law; and *Ms. Toba Jeanne Feldman,* for respondents.

DAY, P.J. Petitioner Carl A. Gangale (relator) requests a writ of mandamus to compel respondent-defendant State of Ohio Police and Firemen's Disability and Pension Fund (respondent)[1] to: (1) adjust his monthly premium benefits upward from sixty-six percent to seventy-two percent of his annual salary for the last year he was in active service; and (2) prevent the reduction of his base monthly benefits by $66.47 per month pursuant to a recalculation of his last year's annual salary. For the reasons adduced below, the complaint is dismissed.

## I

The relator claims to have been employed by the city of Cleveland Police Department for twenty-five years. In 1978, he applied to the respondent Fund, a corporate public body established by the General Assembly under R.C. Chapter 742, for permanent and total disability retirement benefits. On October 4, 1978, his application was approved under then effective R.C. 742.37(C)(2). The statute provided that the plaintiff was entitled to a benefit based on sixty-six percent of his annual salary for the last year he was in active service. On September 29, 1978, the relator signed a form electing to accept the benefits.

The former employer of the relator, the city of Cleveland, filed a certified calculation of his last year's earnings with the respondent Fund. On the basis of this certification from the city, the Fund determined that the plaintiff's base monthly benefit amounted to $1,090.44.

Effective February 28, 1980, R.C. 742.37(C)(2) was amended to provide that the base monthly benefit for permanently and totally disabled retirees be increased from sixty-six percent to seventy-two percent of their last year's salary. The relator's base monthly benefit was not increased. However, on November 15, 1981, the legislature enacted R.C. 742.3713 which provided

---

[1] A number of Fund trustees are individual respondents. The city of Cleveland and its Mayor are also respondents.

in part that retirees who received pension benefits prior to February 28, 1980 (*e.g.*, the relator), be granted an increase of $46 on their benefits. The relator received the $46 increase.

Apparently as part of a routine audit, the respondent Fund on May 2, 1983 requested that the respondent city submit an updated certification of the relator's last year earnings. From this second certification the respondent Fund discovered that the city had erroneously included too much overtime pay in its 1978 certification of the relator's last year's salary. As a result the relator's base monthly benefit of $1,090.44 was too high by $66.47 and his correct base monthly benefit from October 4, 1978 through August 31, 1983 should have been $1,023.97. The Fund notified the relator of this development in a letter dated July 25, 1983. The letter indicated that, as a result of the error, the relator had been overpaid in the amount of $3,915.08 but that no decision had been made "regarding recovery of this overpayment pending the completion of the investigation."

## II

On August 31, 1983, the relator filed the instant complaint for writ of mandamus praying that the reduction in his base monthly benefit be restored and that it be based on seventy-two percent, rather than sixty-six percent, of his last year's salary.

A writ of mandamus may issue only "where the relator shows (1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Consolidated Rail Corp.,* v. *Gorman* (1982), 70 Ohio St. 2d 274, 275 [24 O.O.3d 362].

There can be no clear legal right to receive a base monthly benefit calculated on an erroneous figure.

Moreover, the relator has no clear legal right and the Fund is under no clear legal duty to raise the percentage by which his base monthly benefit is calculated from sixty-six percent to seventy-two percent. On the contrary, the apparent intent of the legislature in enacting R.C. 742.3713 was to establish an alternative (not an optional) means of compensating those retirees who did not qualify for the increase provided in February 1980, under the amendment to R.C. 742.37(C)(2). Finally, relator has an adequate remedy at law in an action for declaratory judgment and other relief.

The relator has failed to state a cause of action in mandamus. This failure undercuts any class action claim (Civ. R. 23) based on the relator's status. For all claimants who share questions of law or fact (see Civ. R. 23[A]) with him share the same cause of action defects.

## III

The dismissal of the complaint in mandamus deprived this court of jurisdiction of the respondent Fund's counterclaim for overpayment to the relator, and cross-claim for "negligence, misfeasance and/or malfeasance" against the respondents city of Cleveland and its Mayor. A court of appeals has original jurisdiction of only five extraordinary writs. And when the mandamus complaint was dismissed for failure to state a cause of action, jurisdiction of the counterclaim and cross-claim was lost because a court of appeals could not have entertained them as original actions. Thus, the counterclaim and cross-claim must be dismissed. An additional incident of that dismissal is the mooting of all defensive responses except the motions to dismiss the original mandamus action. Accordingly, all motions by respondents to dismiss the complaint are well-taken. Every pleading in response to either the counterclaim

and/or the cross-claim is dismissed as moot.

### IV

The complaint is dismissed. Every pleading, except motions to dismiss the complaint, is dismissed as moot.

*Judgment accordingly.*

ANN McMANAMON, J., concurs.

MARKUS, J., concurs in judgment only.