**Marie K. SPARKS, Relator,**

v.

**COUNTRY CLUB MARKETS, INC., and American Hardware Mutual Insurance Company, Respondents.**

**No. C6–84–416.**

Supreme Court of Minnesota.

Oct. 12, 1984.

Rehearing Denied Nov. 19, 1984.

Howard Y. Held, Roseville, for relator.

John M. Kennedy, Jr., St. Paul, for respondents.

TODD, Justice.

After the employee was denied temporary total disability benefits because the compensation judge determined that her disability was a substantial result of agoraphobia not causally related to her employment and that a work-related arm injury did not contribute substantially to her disability, she appealed to the Workers' Compensation Court of Appeals. That court, in a 3–2 decision, affirmed the order of the compensation judge. The employee now seeks review in this court, contending the evidence compels contrary findings. We affirm in part and reverse in part.

Little need be said concerning the first issue. Although the employee claims the evidence required a finding that the demands of her work, the work-related arm

injury she sustained in 1974, and the horseplay during employment breaks contributed substantially to the development of her psychiatric problems, there is substantial evidence to the contrary. The evidence shows the employee was subject to many nonwork-related emotional stresses. In addition, an expert witness testified that there was no causal relationship between the employee's work and her illness.

■ We have concluded, however, that the record as a whole fails to support the determination that employee's arm injury did not substantially contribute to her disability. It is true that the employee, herself, said she had to stop work in August 1980 because of symptoms associated with her psychiatric illness. Those symptoms had not improved appreciably by the time of the compensation hearing, and that illness remains a substantial cause of her total disability. Nevertheless, the compensation judge and the majority of the WCCA failed to consider the significance of the evidence relating to the employee's physical injury and its effect on her ability to work. The evidence established that employee's work as a meat wrapper involved constant, rapid repetitive use of both arms. In 1974, after seven years of this work, the employee developed tendonitis in her left wrist and numbness in her hand which caused her to drop items. She was disabled for a month during which time her symptoms cleared, but they returned in 1976, causing her to miss two weeks of work. From 1976 on, she worked with symptoms of pain and numbness that gradually worsened. In March 1980, she consulted a chiropractor because of her condition. She received massage from him until August 1980, when she was forced to leave work, admittedly because of the psychiatric illness. Because of the weakness in her left wrist, the chiropractor also prescribed a wrist brace which she wore for several months so she could continue working. She testified that she "struggled" to perform her job in spite of her symptoms because her family needed the income. She also testified that when she quit her symptoms lessened, but they return if she attempts vacuuming or scrubbing. Finally, she stated that she has difficulty driving and that she does not believe she could return to meat wrapping.

Two orthopedic surgeons, Dr. Robert Wengler and Dr. Wayne Thompson, agreed that she cannot perform activities requiring repetitive motions with her left arm. Dr. Thompson, suspecting carpal tunnel syndrome, said he was unwilling to assess the extent of her permanent partial disability until a myelogram was performed. Dr. Wengler, diagnosing chronic tendonitis, felt she has a 10% permanent partial disability of the arm.

Jane Moncharsh, a qualified rehabilitation consultant and the only vocational expert witness, testified that, without regard to employee's psychiatric illness, she is not presently employable because of her limited education, her inability to return to meat wrapping or do other manipulative work with her hands, and her lack of transferable skills.

In light of the foregoing evidence, we conclude that the determination that employee's arm injury does not contribute substantially to her present total disability is manifestly contrary to the evidence as a whole. Consequently, we reverse that determination and the consequent denial of compensation, and remand for entry of a finding and award consistent with the evidence.

Employee is awarded attorney fees of $400.

Affirmed in part, reversed in part, and remanded.