Ms. Cathryn E. Hinshaw Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on he following question:
 Under Arkansas Code Annotated 24-11-101 et seq., if a local fire or police pension board of trustees determines that it has incorrectly calculated a pension benefit and is overpaying a beneficiary: 1) may the local board lower the benefit to the correctly calculated level, and; 2) does a local board have authority to recover any overpayments, and by what method if so?
It is my opinion that the answers to your questions may vary according to the facts pertaining to each particular retiree. This is attributable, primarily, to the doctrine of `estoppel', which may under some act situations preclude the local board from lowering the benefit or recouping excess benefits already paid to a particular retiree.
A review of A.C.A. 24-11-101, et seq. reveals no express authorization for correcting miscalculated benefits. There is also a complete lack of any helpful Arkansas case law on point. Sections 24-11-405(a) (Supp. 1987), 24-11-505(e), 24-11-602(c),24-11-704(d), and 24-11-803(a)(3) of the Arkansas Code, however, authorize the local boards to make all necessary rules and regulations for their governance and for the discharge of their duties. It is thus conceivable that a local board could enact a rule or regulation requiring the correcting or lowering of miscalculated benefits. Whether the board could also by rule or regulation adopt a procedure whereby overpayments were recouped by deduction from the retiree's future pension benefits is, in my opinion, a less certain matter. It is my opinion that court action may be indicated to recover excessive benefits previously paid. But see generally, State ex rel. Gangale v. Khal, 14 Ohio App.3d 183,470 N.E.2d 454 (1984); and Braun v. Board of Trustees of the Policemen and Firemen Retirement System, City of Saginaw,120 Mich. App. 296, 328 N.W.2d 372 (1982).
In any event, each of these actions on the part of a local board would be subject to an estoppel claim by the retiree. Kern v. City of Flint, 15 Mich. App., 24, 355 N.W.2d 708 (1983). If the retiree could show that he relied to his detriment on the miscalculated amount, the board may be estopped to lower the amount, or claim repayment of excessive benefits. This determination will depend upon the facts of each particular case.
Although estoppel is usually not assertable against the government, it may be used if: 1) it will prevent serious injustice; and 2) if the public interest will not be unduly damaged by its imposition. Dempsey v. Director, Federal Emergency Management Agency, 549 F. Supp. 1334 (E.D.Ark. 1982); and Foote's Dixie Dandy v. McHenry, Administrator, 270 Ark. 816, 607 S.W.2d 323
(1980). again, the determination of the existence of these requisites will depend upon the facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.