124

In re Black.

(No. 73-348—Decided December 5, 1973.)

*Mr. Charles N. Hunt,* for appellants.
*Mr. Richard B. McQuade, Jr.,* for appellee.

STERN, J. The sole question raised by appellants is whether the Court of Appeals had jurisdiction to consider appellee's application for a writ of habeas corpus. Appellants point to R. C. 2151.23(A) (3) as making the Juvenile Court the exclusive forum for actions such as the present one, and conclude that the Court of Appeals was thereby precluded from entertaining the petition.

R. C. 2151.23 provides, in pertinent part:

"(A) The Juvenile Court has exclusive original jurisdiction under the Revised Code:

" * * *

"(3) To hear and determine any application for a writ

of habeas corpus involving the custody of a child. * * * "

We are called upon to construe the words "exclusive original jurisdiction" in light of Section 3, Article IV of the Ohio Constitution, which mandates, in part:

"(B (1) The Courts of Appeals shall have original jurisdiction in the following:

"(a) Quo Warranto;

"(b) Mandamus;

"(c) Habeas Corpus;

"(d) Prohibition;

"(e) Procedendo * * *."

No lengthy citation of authority is necessary to support the general proposition that when a statute conflicts with a constitutional provision, the latter must prevail. In *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St 2d 141, 149, this court said:

"'* * * This constitutionally granted original jurisdiction of this court and of the Court of Appeals in mandamus cannot be abridged or limited by statutory enactment or by a rule based upon a statutory enactment. * * * [Citations omitted.]"

That principle is equally applicable to habeas corpus actions.

However, examination of R. C. 2151.23(A) (3) fails to disclose any real conflict between that statute and the above-quoted language from the Ohio Constitution. By its terms, R. C. 2151.23(A) (3) is limited solely to jurisdictional grants *under the Revised Code.* No encroachment upon the *constitutional* grant of original habeas corpus jurisdiction to Courts of Appeals was intended. The "exclusive original jurisdiction" of Juvenile Courts in habeas corpus proceedings is based upon specific statutory language, whereas the jurisdiction of the Courts of Appeals is derived from a broad constitutional grant of jurisdiction to hear all habeas corpus cases involving the question of deprivation of liberty.

The purpose of R. C. 2151.23(A)(3) is to carve a narrow exception to the statutorily based jurisdictional provi-

sion of R. C. 2725.02, which broadly authorizes any "* * * Court of Common Pleas, Probate Court, or * * * judge of any such court" to entertain habeas corpus proceedings.

Thus, as among a Court of Common Pleas, a Probate Court and a Juvenile Court, only the Juvenile Court has exclusive original jurisdiction in habeas corpus proceedings involving a minor. See *State* v. *Sanchez* (1970), 22 Ohio App. 2d 145. As between a Juvenile Court and a Court of Appeals, there necessarily exists concurrent jurisdiction in such habeas corpus proceedings.

It is apparent that the Court of Appeals did have jurisdiction to dispose of appellee's claim, and its judgment is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.