HUGHES ET AL., APPELLANTS, *v.* SCAFFIDE ET AL., APPELLEES.

[Cite as Hughes v. Scaffide (1978), 53 Ohio St. 2d 85.]

(No. 77-592—Decided February 15, 1978.)

*Mr. Kenneth B. Schumaker,* for appellants.
*Mr. R. Stewart Beck,* for appellees.

PARRINO, J. The issue to be decided in this appeal is whether the Court of Appeals, under the doctrine of *forum non conveniens,* can decline to exercise its original jurisdiction to hear a petition which states a proper cause of action in habeas corpus.

The doctrine of *forum non conveniens* permits a court to dismiss or transfer a case, despite the fact that venue is proper and it has jurisdiction, because there is a more appropriate forum in which the action may be heard. The doctrine permits a court to dismiss or transfer a case if it serves the administration of justice and the convenience of the parties, witnesses and the court. *Gulf Oil Corp.* v. *Gilbert* (1947), 330 U. S. 501; Annotation 10 A. L. R. Fed. 352.

This doctrine originated at common law and was first developed in state courts. *Gulf Oil Corp.* v. *Gilbert, supra,* at page 505, fn. 4. The federal courts adopted the common law doctrine which subsequently was expanded and codified by Congress. Section 1404(a), Title 28, U. S. Code.[a]

The common law doctrine as first applied in the federal system required courts to dismiss, rather than to transfer, an action. It was designed primarily to protect a defendant from harassment and unnecessary expense and difficulty created by the plaintiff's choice of an inconvenient forum. *Gulf Oil Corp.* v. *Gilbert, supra,* at pages 508-509. Since the federal statute, unlike the common law, enables

[a]This section provides:
"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

88

a court to transfer an action filed therein, a federal court may invoke the doctrine of *forum non conveniens* upon a lesser showing of inconvenience than was required at the common law.[4] *Norwood* v. *Kirkpatrick* (1955), 349 U. S. 29. It has been held that Section 1404(a), Title 28, U. S. Code, is applicable to federal actions in habeas corpus. *United States, ex rel. Meadows,* v. *New York* (C. A. 2, 1970), 426 F. 2d 1176. Ohio has no civil rule or statute analagous to Section 1404(a).

Some states have adopted the doctrine of *forum non conveniens.* States are free to accept or reject it as a matter of state policy. *Missouri, ex rel. Southern Railway Co.,* v. *Mayfield* (1950), 340 U. S. 1. The doctrine of *forum non conveniens,* however, may not be invoked where the Constitution, rules or statutes of this state require a court to exercise its jurisdiction. In *Mattone* v. *Argentina* (1931), 123 Ohio St. 393, we held that a Court of Common Pleas did not have discretion to refuse jurisdiction over a transitory tort action between nonresidents where the General Assembly specifically granted the court jurisdiction over an action of that nature.

This court and the Courts of Appeals have original jurisdiction of the extraordinary writs. Sections 2 and 3, Article IV of the Ohio Constitution.[5] Prior to 1913, the

---

[4]Even in the federal system, convenience of the court may not be the sole reason for applying the doctrine of *forum non conveniens.* However, it may be considered as one of the factors under some circumstances. *Pfizer, Inc.,* v. *Lord* (C. A. 2, 1971), 447 F. 2d 122; *Fannin* v. *Jones* (C. A. 6, 1956), 229 F. 2d 368.

[5]Section 2, Article IV, provides in relevant part:

"(B)(1) The supreme court shall have original jurisdiction in the following:

"(a) Quo warranto;

"(b) Mandamus;

"(c) Habeas corpus;

"(d) Prohibition;

"(e) Procedendo;

"* * *

"[B](3) No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court."

Supreme Court had the discretion to decline to exercise its original jurisdiction over extraordinary writs. *State, ex rel. Werden,* v. *Williams* (1875), 26 Ohio St. 170; *Ex Parte Shean* (1874), 25 Ohio St. 440; *Ex Parte Shaw* (1857), 7 Ohio St. 81. This court reasoned that, absent a showing of special circumstances, lower courts were more appropriate and convenient tribunals in which to determine whether extraordinary writs should issue. This rationale was undercut by the amendment found in Section 2, Article IV of the Ohio Constitution, effective January 1, 1913, providing, in part, that "no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court." *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. See *State, ex rel. Toledo,* v. *Lynch* (1913), 87 Ohio St. 444, 446.

The question in the instant cause involves a habeas corpus action which was filed in the Court of Appeals and is before this court as a matter of right. Although Sections 2(B)(1) and (3), Article IV of the Ohio Constitution, as amended May 7, 1968, are not applicable to the Court of Appeals, the same rules concerning the original jurisdiction of the Supreme Court in habeas corpus apply to the Court of Appeals. (Section 3[B][1], Article IV of the Ohio Constitution.) *State, ex rel. Pressley,* v. *Indus. Comm., supra,* at page 162, applied.

Where a petition is filed which states a proper cause of action for a writ of habeas corpus, and there is no plain and adequate remedy in the ordinary course of the law,[6] Sections 2 and 3, respectively, of Article IV of the Ohio

---

Section 3, Article IV, provides in relevant part:

"(B)(1) The courts of appeals shall have original jurisdiction in the following:

"(a) Quo warranto;

"(b) Mandamus;

"(c) Habeas corpus;

"(d) Prohibition;

"(e) Procedendo;"

[6]A writ of habeas corpus will ordinarily be denied where there is an adequate remedy in the ordinary course of law. *In re Hunt* (1976), 46 Ohio St. 2d 378.

Constitution require the Supreme Court and the Court of Appeals to exercise their original jurisdiction in habeas corpus. In such a case these courts cannot refuse to exercise that original jurisdiction under the doctrine of *forum non conveniens.* *State, ex rel. Pressley,* v. *Indus. Comm., supra,* applied.

The judgment of the Court of Appeals is reversed and this cause is remanded to that court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ, concur.

PARRINO, J., of the Eighth Appellate District, sitting for CELEBREZZE, J.