THE STATE, EX REL. CONSOLIDATED RAIL CORPORATION, APPELLANT, *v.* GORMAN, JUDGE, APPELLEE.

(No. 81-1509—Decided June 30, 1982.)

*Messrs. Skulina, Fillo, Walters & Negrelli, Mr. Stephen D. Walters* and *Mr. Thomas R. Skulina,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick Carroll,* for appellee.

*Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A., Mr. Marshall I. Nurenberg* and *Mr. Harlan M. Gordon,* for intervenor appellee.

*Per Curiam.* A writ of mandamus may issue only where the relator shows (1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 124; *State, ex rel. Akron Fire Fighters,* v. *Akron* (1978), 54 Ohio St. 2d 448, 450.

Appellant contends that appellee is under a clear legal duty to apply the doctrine of *forum non conveniens.* In *Hughes* v. *Scaffide* (1978), 53 Ohio St. 2d 85, we discussed the doctrine of *forum non conveniens,* noting that "[s]tates are free to accept or reject it as a matter of state policy." *Id.,* at 88. Ohio has not judicially adopted the doctrine, nor is it embodied in any rule or statute. As such, appellant can not demonstrate that appellee was under a duty to apply the doctrine, and the requirements for the issuance of a writ of mandamus can not be fulfilled.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.