THE STATE, EX REL. BOSTON HEIGHTS, *v.* PETSCHE, MAYOR.

(No. 12054—Decided April 17, 1985.)

*Robert E. Bulford,* for relator.
*Guerin L. Avery,* for respondent.

MAHONEY, P.J. Relator, village of Boston Heights, seeks a writ of mandamus compelling its Mayor, Rudolph J. Petsche, to exercise the jurisdiction conferred on him by R.C. 1905.01 and hold mayor's court as provided by Boston Heights Ordinance No. 53-1984. For the following reasons, we deny relator's request.

Relator is a statutory village located in Summit County, Ohio. Respondent, Rudolph J. Petsche, is and was, at all times relevant to the matter herein, the duly elected and acting Mayor of the village of Boston Heights. Since the incorporation of the village of Boston Heights there has been a mayor's court and the person holding the position of mayor has performed the functions of Judge of the Mayor's Court of the village of Boston Heights. The village is also located within the jurisdiction of the Cuyahoga Falls Municipal Court.

After holding court for almost one year, Mayor Petsche, on November 13, 1984, announced that he was "shutting down Mayor's Court." On December 12, 1984, council passed Ordinance No. 53-1984 which requires the mayor to preside over mayor's court and to exercise the jurisdiction conferred on him pursuant to R.C. Chapter 1905.

Respondent has refused to abide by Ordinance No. 53-1984 and to hear cases. Rather, he has transferred all cases cited into the Boston Heights Mayor's Court to the Cuyahoga Falls Municipal Court for disposition, prompting relator to petition for this writ.

Section 1, Article IV of the Ohio Constitution vests exclusive power in the General Assembly to create courts inferior to the Supreme Court. Thus, the village of Boston Heights cannot create a mayor's court by local ordinance. However, the General Assembly has clearly permitted the establishment of mayor's courts via R.C. 1905.01, which states:

"In all municipal corporations not being the site of a municipal court nor a place where a judge of the Auglaize county, Crawford county, Jackson county, Miami county, Portage county, or Wayne county municipal court sits as required pursuant to section 1901.021 of the Revised Code or by designation of the judges pursuant to section 1901.021 of the Revised Code, the mayor of the

municipal corporation has jurisdiction to hear and determine any prosecution for the violation of an ordinance of the municipal corporation, and any case involving a violation of a vehicle parking or standing ordinance of the municipal corporation unless the violation is required to be handled by a parking violations bureau or joint parking violations bureau pursuant to Chapter 4521. of the Revised Code, and has jurisdiction in all criminal causes involving moving traffic violations occurring on state highways located within the boundaries of the municipal corporation, subject to the limitations of sections 2937.08 and 2938.34 of the Revised Code.

"In keeping his docket and files, the mayor shall be governed by the laws pertaining to county courts."

Thus, the issue in the instant case becomes: can the village force its mayor to exercise his statutorily conferred jurisdiction and, in appropriate situations, to hold mayor's court? We think it cannot.

R.C. 1905.01 merely confers jurisdiction on the mayor to hold mayor's court. Nothing in the statute requires the municipal corporation or its mayor to establish a mayor's court. Cf. R.C. 1901.01 which establishes municipal courts in various locations.

Indeed, R.C. 1901.04 states in part:

"Upon the institution of a municipal court, the jurisdiction of the mayor and the police justice in all civil and criminal causes terminates within the municipal corporation in which such municipal court is located. All other mayors within the territory *may* retain such jurisdiction as is now provided in all criminal causes involving violation of ordinances of their respective municipal corporations and in all criminal causes involving moving traffic violations occurring on state highways located within their respective municipal corporations, to be exercised concurrently with the municipal court." (Emphasis added.)

The word "may" clearly indicates a legislative intent to allow the mayor to choose either to retain or to reject jurisdiction.

Since relator has no clear legal right to the relief prayed for, and respondent has no clear legal duty to perform the act requested, the writ is denied. See R.C. 2731.01; and *State, ex rel. Consolidated Rail Corp.*, v. *Gorman* (1982), 70 Ohio St. 2d 274, 275 [24 O.O.3d 362].

Judgment is ordered as set forth above.

*Writ denied.*

QUILLIN and BAIRD, JJ., concur.