OPINION AND JOURNAL ENTRY
This cause is before this court on a complaint in mandamus filed by Relator on December 16, 1999 seeking an order to compel Respondent to rule on his request for findings of fact and conclusions of law related to Respondent's order denying a motion for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Relator asserts such findings and conclusions are required when he exercises his right to appeal the denial of his motion for relief from judgment. In support of his complaint Relator identifies certain case law which mandates that a court issue findings of fact and conclusions of law when summarily denying a petition for post-conviction relief. Such cases have no application in this matter as the underlying litigation in this case is a civil matter which was dismissed on the basis of res judicata. (Judgment Entry of February 25, 1998 in Common Pleas Case No. 97 CV 3361, captioned Buoscio v. Mischey. et al.).
On March 1, 2000, Respondent filed a motion to dismiss for failure to state a claim upon which relief could be granted.
As related by the record, Respondent, on February 25, 1998, dismissed the underlying civil complaint on the basis of resjudicata. On August 21, 1998, Relator filed a Civ.R. 60(B) motion for relief from judgment. On April 20, 1999, the 60(B) motion was overruled. On May 13, 1999, Relator filed a motion for findings of fact and conclusions of law. The motion was overruled on June 21, 1999. No appeal was filed. This action followed.
As noted by Respondent, a writ of mandamus has three prerequisites to its issuance. First, there must be a clear legal right to the relief prayed for. Second, there must be a clear legal duty of the Respondent to perform the act requested. Third, Relator has no plain and adequate remedy in the ordinary course of law. See State ex rel. Consolidated Rail Corp. v. Gorman
(1982), 70 Ohio St.2d 274; State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Educ. (1995), 72 Ohio St.3d 94.
Under Civ.R. 52, findings of fact and conclusions of law are required upon request only in those cases when questions of fact are tried without intervention of a jury. As stated by Civ.R. 52:
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
 When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.
 Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."
Moreover, it is established case law that findings and conclusions are not required in ruling on 60(B) motions. As stated in Briggs v. Deters (June 25, 1997), Hamilton App. No. C-961068, unreported at page 2:
 "The trial court was not required, as appellant has alleged, to provide findings of fact on conclusions of law in the denial of the motion. Civ.R. 52 requires a court to make findings of fact and conclusions of law when a party to a case tried to the court requests them. The rule further states that such findings and conclusions "are unnecessary upon all other motions. "This includes Civ.R. 60(B) motions."
Out sister Eleventh Appellate District held in Blankenship v.Rick Case Honda/Isuzu (March 27, 1987), Portage App. No. 1669:
 "We conclude that findings of fact and conclusions of law pursuant to Civ.R. 52 are not necessary as to a ruling on a Civ.R. 60(B) motion."
The determination of such motion is not dependent upon the court "trying" facts as that term is understood in the ordinary sense of a trial without a jury. Therefore, Civ.R. 52 does not apply. See Hadley v. Hadley (March 10, 1983), Franklin App. No. 82AP-637, unreported.
We agree with Respondent that Relator has failed to demonstrate a clear legal right to the relief requested or that Respondent has a clear legal duty to perform the act requested. Moreover, Civ.R. 52 is inapplicable as we are mindful that the underlying civil cause of action was dismissed.
Under Civ.R. 12(B)(6), an action may be dismissed if complainant has failed to state a claim upon which relief could be granted.
For all of the above stated reasons, Respondent's motion to dismiss this complaint in mandamus for failure to state a justiciable claim upon which relief could be granted is sustained. Complaint dismissed. Costs of this action taxed against Relator.
Final order. Clerk to serve a copy of this opinion and journal entry on all parties as provided by the Civil Rules.
 ____________________ EDWARD A. COX, JUDGE
 _________________________ JOSEPH J. VUKOVICH, JUDGE
 ______________________ CHERYL L. WAITE, JUDGE