On December 27, 2000, pro-se Relator filed a petition in mandamus seeking to compel Respondent "to provide requisite Findings and conclusions based to law in the denial of a motion for Plain Error." It may be gleaned from the petition that Relator's underlying complaint is that the indictment against him containing multiple counts was not properly instituted and the court lacked jurisdiction to proceed. By a journal entry filed December 13, 2000, the trial court overruled Petitioner's Motion for Findings of Fact and Conclusions of Law. Petitioner asserts that he is entitled to findings and conclusions to provide a basis upon which Petitioner could appeal.
On January 3, 2000 the Respondent filed a Motion to Dismiss the petition pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Respondent points out that the elements for the issuance of a writ include (1) a clear legal right to the relief prayed for; (2) a clear legal duty upon respondent to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Consolidated Rail Corp. v. Gorman (1982), 70 Ohio St.2d 274.
Relator's motion is brought under Crim.R. 52. That rule recites in pertinent part:
"(B) Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
As correctly noted by the Respondent, the "plain error" rule permits a court of appeals the right to determine prejudicial error occurred at the trial court level that affects a substantial right of a defendant, entitling the defendant to a new trial or other appropriate relief. The doctrine does not apply to the trial court finding plain error in its own proceedings. Therefore, the trial court need not issue findings and conclusions on such a motion.
Relator has failed to demonstrate that Respondent has a duty to issue findings and conclusions and that he is entitled to such relief by law. Furthermore, Relator has, and is pursuing, a direct appeal after conviction. (See 00 C.A. 77). The issue of a defective indictment is clearly a matter that may be raised in his direct criminal appeal. The availability of a legal remedy at law prevents Relator from being entitled to an extraordinary remedy.
For all the above stated reasons, we sustain the Respondent's motion to dismiss this petition for writ of mandamus. Petition dismissed.
Final order. Costs to be taxed against Relator. Clerk to send notice of this order to the parties pursuant to the civil rules.
Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.