THE STATE EX REL. GALLOWAY, APPELLANT, *v.* COOK, JUDGE, APPELLEE.

[Cite as *State ex rel. Galloway v. Cook*, 126 Ohio St.3d 332, 2010-Ohio-3780.]

*Court of appeals' judgment denying petition for writ of mandamus affirmed —*
*Appellant failed to establish that judge abused her discretion by staying*
*her ruling on his motion for an evidentiary hearing pending this court's*
*resolution of comparable issues in a different case.*

(No. 2010-0567 — Submitted August 10, 2010 — Decided August 19, 2010.)

APPEAL from the Court of Appeals for Lucas County, No. L-09-1221,

2010-Ohio-688.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the petition of appellant, James Franklin Galloway, for a writ of mandamus to compel appellee, Lucas County Court of Common Pleas Judge Stacy Cook, to hold an evidentiary hearing on his objection to his sex-offender reclassification pursuant to Ohio's Sex Offender Registration and Notification Law contained in 2007 Senate Bill 10 ("S.B. 10") and on his postconviction motions to dismiss his criminal case.

{¶ 2} As for Galloway's objection to his reclassification as a Tier III sex offender under S.B. 10, Galloway failed to establish that Judge Cook abused her discretion by staying her ruling on his motion for an evidentiary hearing pending this court's resolution of comparable issues in the discretionary appeal in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ___ N.E.2d ___.[1] See *State ex rel.*

_____

1. We decided *Bodyke* on June 3, 2010, while this appeal was pending. A joint motion for reconsideration and/or clarification was filed on June 14 and was denied on August 17, 2010.

*Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 16, quoting *State ex rel. Verhovec v. Mascio* (1998), 81 Ohio St.3d 334, 336, 691 N.E.2d 282 (" 'The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion' ").

{¶ 3} As for Galloway's remaining claim that he is also entitled to an evidentiary hearing on his motions to dismiss his criminal convictions based on his actual innocence and the court's lack of subject-matter jurisdiction, "courts are not required to hold a hearing in every postconviction case." *State ex rel. Madsen v. Foley Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10. And because Judge Cook has now denied Galloway's motions for an evidentiary hearing on his motions to dismiss, Galloway has an adequate remedy in the ordinary course of law by appeal to challenge these rulings. *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 8.

{¶ 4} Therefore, the court of appeals correctly denied the writ of mandamus. Even if it were the case that the court's rationale was incorrect in part, "[w]e will not reverse a correct judgment simply because some or all of a lower court's reasons are erroneous." *State ex rel. Swain v. Bartleson*, 123 Ohio St.3d 125, 2009-Ohio-4690, 914 N.E.2d 403, ¶ 1.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

James Franklin Galloway, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Attorney General, for appellee.

_____