[Cite as *In re G.T.B.*, 128 Ohio St.3d 502, 2011-Ohio-1789.]

IN RE G.T.B.; VAUGHN ET AL., APPELLANTS, *v.* WYREMBEK, APPELLEE.

[Cite as *In re G.T.B.,* 128 Ohio St.3d 502, 2011-Ohio-1789.]

*Custody of children — Habeas corpus — Jurisdiction of courts of appeals —*
*    Section 3(B)(1)(c), Article IV, Ohio Constitution — R.C. 2151.23(A)(3) —*
*    Jurisdictional-priority rule.*

(No. 2010-2266 — Submitted April 6, 2011 — Decided April 19, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-1057.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment entered by the Court of Appeals for Franklin County dismissing the petition of appellants, Jason and Christy Vaughn, the prospective adoptive parents of G.T.B., a minor child, for a writ of habeas corpus to compel the child's biological father, appellee, Benjamin Wyrembek, to return physical custody of the child to the Vaughns.  We affirm the dismissal, albeit for different reasons than the rationale stated by the court of appeals.

{¶ 2}   The court of appeals dismissed the Vaughns' petition on the rationale that it lacked "jurisdiction over the child custody decisions and proceedings of the Common Pleas Court of Lucas County, Ohio, Juvenile Court Division."  The court of appeals apparently credited Wyrembek's argument in support of his unopposed motion to dismiss that the court lacked jurisdiction over the habeas corpus petition because under R.C. 2151.23(A)(3), the Lucas County Juvenile Court had "exclusive original jurisdiction under the Revised Code * * * [t]o hear and determine any application for a writ of habeas corpus involving the custody of a child."  Courts of appeals, however, have been given original jurisdiction in habeas corpus actions by Section 3(B)(1)(c), Article IV of the Ohio

Constitution. "The General Assembly is without power to limit or alter the original jurisdiction of Courts of Appeals in habeas corpus actions." *In re Black* (1973), 36 Ohio St.2d 124, 65 O.O.2d 308, 304 N.E.2d 394, paragraph two of the syllabus. Therefore, notwithstanding R.C. 2151.23(A)(3), "[a] Court of Appeals has jurisdiction to entertain a petition for a writ of habeas corpus involving the custody of a child." Id. at paragraph three of the syllabus; see also *Hughes v. Scaffide* (1978), 53 Ohio St.2d 85, 86, 7 O.O.3d 175, 372 N.E.2d 598, fn. 2.

{¶ 3} In addition, although R.C. 2725.03 limits the jurisdiction over habeas corpus cases involving inmates of state benevolent or correctional institutions to "the courts or judges of the county in which the institution is located," see *Knecht v. Tate* (Dec. 10, 1991), Franklin App. No. 91AP-207, 1991 WL 268340, there is no comparable statutory limitation on child-custody habeas corpus cases.

{¶ 4} Furthermore, the Vaughns' habeas corpus petition was based on their institution of an adoption proceeding in Franklin County pursuant to R.C. 3107.04(A) ("A petition for adoption shall be filed in the court in the county in which the person to be adopted was born * * * or in which the agency having the permanent custody of the person to be adopted is located").

{¶ 5} Wyrembek argues on appeal that under the jurisdictional-priority rule, the court of appeals lacked jurisdiction over the habeas corpus case because the juvenile court's jurisdiction was invoked first to decide the custody matter. But although the issues in the cases are similar, the cause of action in the court of appeals case—habeas corpus—is not the same as the cause of action in the juvenile court—custody in the context of a parentage proceeding. See *State ex rel. Brady v. Pianka,* 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 13, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 429, 751 N.E.2d 472 (" 'In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve

the same cause of action or the same parties as the second case, the first case will not prevent the second' ").

**{¶ 6}** Therefore, the Court of Appeals for Franklin County had general subject-matter jurisdiction over the Vaughns' habeas corpus petition, and the court erred in not so holding.

**{¶ 7}** Nevertheless, we will not reverse a correct judgment simply because it was based in whole or in part on an incorrect rationale. *State ex rel. Galloway v. Cook*, 126 Ohio St.3d 332, 2010-Ohio-3780, 933 N.E.2d 807, ¶ 4.

**{¶ 8}** First, the Vaughns have or had an adequate remedy in the ordinary course of law by appeal from the Lucas County Juvenile Court's orders granting custody of the child to Wyrembek. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. "This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 9.

**{¶ 9}** Second, insofar as the Vaughns raise a jurisdictional claim that they either raised or could have raised in their previous, unsuccessful extraordinary-writ actions, see *State ex rel. Vaughn v. Cubbon*, 122 Ohio St.3d 1487, 2009-Ohio-3830, 910 N.E.2d 1040; *State ex rel. Vaughn v. Cubbon*, 124 Ohio St.3d 1471, 2010-Ohio-354, 921 N.E.2d 243; and *State ex rel. Vaughn[1] v. Cubbon*, 126 Ohio St.3d 1577, 2010-Ohio-4542, 934 N.E.2d 351, res judicata "bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226. "The previous action is

---

1. The case name is incorrectly reported as *Edward v. Cubbon*.

conclusive for all claims that were or that could have been litigated in the first action." *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27.

{¶ 10} Third, as we held in the Vaughns' appeal from a judgment of the Lucas County Court of Appeals affirming the Lucas County Probate Court's dismissal of their petition to adopt the child, " '[w]hen an issue concerning parenting[2] of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child.' " *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245, ¶ 8, certiorari denied, *Vaughn v. Wyrembek* (2011), ___ U.S. ___, 131 S.Ct. 1610, __ L.Ed.2d ___, quoting *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, syllabus.

{¶ 11} Finally, dismissal of the Vaughns' habeas corpus petition was appropriate because they did not comply with the pleading requirements of R.C. 2725.04. See *In re Bailey*, 98 Ohio St.3d 309, 2003-Ohio-859, 784 N.E.2d 109, ¶ 13; *Holloway v. Clermont Cty. Dept. of Human Servs.* (1997), 80 Ohio St.3d 128, 132, 684 N.E.2d 1217. Although the Vaughns' petition challenges a Lucas County Juvenile Court order compelling them to transfer custody of the child to Wyrembek, they did not attach a copy of that order to their petition.

{¶ 12} Based on the foregoing, dismissal of the Vaughns' habeas corpus petition was appropriate, albeit for different reasons than those expressed by the court of appeals. Therefore, we affirm the judgment dismissing the petition. We deny Wyrembek's motion for sanctions, however, because the Vaughns' appeal was not frivolous insofar as the court of appeals' rationale was incorrect. See S.Ct.Prac.R. 14.5(A) ("An appeal * * * shall be considered frivolous if it is not

---

2. The context manifestly indicates that the court intended "parentage."

reasonably well-grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law").

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Voorhees & Levy, L.L.C., and Michael R. Voorhees, for appellants.

The McQuades Co., L.P.A., and Alan J. Lehenbauer, for appellee.

_____