[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lee v. Weir,* Slip Opinion No. 2016-Ohio-8104.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8104

LEE, APPELLANT, *v.* WEIR, DIR., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lee v. Weir,* Slip Opinion No. 2016-Ohio-8104.]**

*Habeas corpus—Appellant had alternative remedies at law to challenge juvenile court's grant of permanent custody of minor child to county agency—Court of appeals' judgment denying petition affirmed.*

(No. 2015-1536—Submitted August 16, 2016—Decided December 14, 2016.)

APPEAL from the Court of Appeals for Hamilton County, No. C-150417.

_____

**Per Curiam.**

{¶ 1} Appellant, Ricardo G. Lee, appeals from the judgment of the First District Court of Appeals denying his petition for a writ of habeas corpus.  Because Lee had alternative remedies at law to challenge the juvenile court's grant of permanent custody of minor child, R.L., we affirm the court of appeals' judgment.

*Facts*

**{¶ 2}** On July 6, 2015, Lee filed his second petition for a writ of habeas corpus in the First District Court of Appeals, alleging that appellee, Hamilton County Job and Family Services ("Family Services") Director Moira Weir, is unlawfully restraining his biological minor son, R.L. (d.o.b. 3/14/2012), pursuant to a juvenile court order.

**{¶ 3}** The petition asserts that on December 26, 2012, Family Services filed a complaint in the Hamilton County Juvenile Court alleging that R.L. was dependent and seeking emergency removal and temporary custody. The court, through a magistrate judge, held a hearing on the emergency request on December 28, 2012.

**{¶ 4}** After the hearing, the magistrate issued an order stating that Lee is the "alleged father of [R.L.]" and that the mother's husband, Alisher Shermukhamedov, is the "legal father by law of [R.L.]." As to Lee, the magistrate's order states that "Ricardo has a turbulent relationship with [R.L.'s mother]. Mother was the victim. Ricardo Lee has been violent and abusive toward mother. He has been charged multiple times with aggravated menacing and domestic violence. He had a stay away order and was convicted of Menacing. He is currently on probation." The magistrate concluded that the evidence presented at the hearing demonstrated that R.L. was in "imminent risk of harm," that the child was currently missing, and that the child's mother was a "flight risk." Based on its determination that "[t]he child's continued residence in or return to the home would be contrary to the child's best interest and welfare," the magistrate judge granted temporary custody of R.L. to Family Services.

**{¶ 5}** More than two years later, in April 2014, the juvenile court granted permanent custody of R.L. to Family Services.

**{¶ 6}** Weir filed both a motion to dismiss Lee's petition and an answer, arguing that Lee's petition was successive and barred by res judicata and that Lee had—and had used—alternative remedies at law to challenge the custody order.

**{¶ 7}** One week later, the court of appeals issued a one-page judgment entry granting Weir's motion to dismiss and noting that Lee's petition "demonstrated no grounds for relief."

**{¶ 8}** Lee timely appealed to this court and on August 29, 2016, filed a motion to expedite.

*Analysis*

**{¶ 9}** In a child-custody action, a writ of habeas corpus will be granted only if the petitioner establishes that "(1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child." *Holloway v. Clermont Cty. Dept. of Human Servs.*, 80 Ohio St.3d 128, 130, 684 N.E.2d 1217 (1997). In this context, "[h]abeas corpus relief is the exception rather than the general rule." *Id*. Further, a petitioner is not entitled to a writ of habeas corpus in a child-custody action " 'when there is an adequate remedy in the ordinary course of law.' " *In re G.T.B.*, 128 Ohio St.3d 502, 2011-Ohio-1789, 947 N.E.2d 166, ¶ 8, quoting *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6.

**{¶ 10}** Lee had the right to challenge the magistrate's order granting temporary custody by filing a motion to set aside the magistrate's order. Juv.R. 40(D)(2)(b). Moreover, Lee had the right to challenge to the magistrate's decision "in any subsequent hearing in the case, and appeal any adverse judgment by the juvenile court." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 10. Indeed, Lee, represented by counsel, appealed the juvenile court's order granting permanent custody to Family Services. The availability of alternative remedies in the ordinary course of the law, even if those remedies were

not sought or were unsuccessful, precludes a writ of habeas corpus. *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 14-15.

**{¶ 11}** Lee had—and has used—alternative remedies at law to challenge the juvenile's court's judgment granting permanent custody of R.L. to Family Services. Therefore, we affirm the judgment of the First District Court of Appeals. We also deny Lee's August 29, 2016 motion to expedite as moot.

Judgment affirmed

and motion denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Ricardo G. Lee, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer, Assistant Prosecuting Attorney, for appellee.

_____