[Cite as *State ex rel. Speweik v. Stierwalt*, 2023-Ohio-1470.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio, ex rel. Keri L. Speweik          Court of Appeals No.  WD-23-017

　　　　　Relator

v.

John P. Stierwalt, et al.          **<u>DECISION AND JUDGMENT</u>**

　　　　　Respondents          Decided:  May 3, 2023

* * * * *

Lisa M. Snyder, for Relator.

Karin L. Coble, for Respondent, John P. Stierwalt.

Paul A. Dobson, Wood County Prosecuting Attorney, and
James A. Hoppenjans, Assistant Prosecuting Attorney, for Respondents,
Hon. Matthew L. Reger, Michelle Christie, and Wood County Court
of Common Pleas.

* * * * *

**DUHART, J.**

{¶ 1} Relator, Keri Speweik, filed a petition for writ of habeas corpus and writ of

prohibition on April 3, 2023, against respondents, John Stierwalt, the Honorable Matthew

Reger, Michelle Christie, Esquire, and the Wood County Court of Common Pleas. In the writ of habeas corpus, relator requests possession of her children, and in the writ of prohibition, relator seeks to restrain certain respondents from exercising jurisdiction regarding temporary orders over the custody of her minor children. Relator submits that the issuance of a writ in prohibition will remedy the erroneous exercise of jurisdiction, and the writ of habeas corpus will return the children to relator. For the reasons that follow, we dismiss the petition for writ of habeas corpus and writ of prohibition.

## Background

{¶ 2} In her petition, relator alleges the following.

{¶ 3} Relator and respondent Stierwalt were married and are the parents of two children. A divorce action was filed in the Wood County Common Pleas Court. On August 11, 2020, a final decree of divorce was issued wherein relator was named the legal custodian of the children; relator had exclusive possession of the children, subject to respondent Stierwalt's restricted right of supervised companionship.

{¶ 4} Respondent Reger is the Wood County Common Pleas judge assigned to the matter, and respondent Christie is the Wood County Common Pleas Domestic Relations magistrate assigned to the matter.

{¶ 5} On March 16, 2021, respondent Stierwalt filed a motion to modify parenting time, in which no change of circumstance was alleged, pursuant to R.C. 3109.04(E)(1)(a).

{¶ 6} On January 13, 2023, respondent Stierwalt filed a motion for emergency

2.

hearing which recited the status quo and alleged no emergency. On March 17, 2023, an evidentiary hearing was held on the motion, and on March 23, 2023, respondent Christie issued a magistrate's order. The order included findings of fact and conclusions of law and changed the possession of the children from relator to respondent Stierwalt.

{¶ 7} On March 28, 2023, relator filed an objection to the magistrate's order/motion to set aside the order in which she "raised the procedural deficiencies of issuing as an 'Order' a decision which does more than regulate the proceedings and is dispositive of a claim or defense of a party." Also on that day, relator filed an emergency motion for stay. At the time relator filed her petition, these motions had not been ruled upon by the trial court.

**Law**

*Writ of Prohibition*

{¶ 8} The purpose of a writ of prohibition is to restrain inferior tribunals and courts from exceeding their jurisdiction. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). A writ of prohibition is an "'extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies.'" (Citation omitted.) *Id.*

{¶ 9} To be entitled to a writ of prohibition, a relator must establish three elements: "(1) the [court or officer] is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause

3.

injury for which no other adequate remedy in the ordinary course of law exists." *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543, 544, 721 N.E.2d 1051 (2000).

{¶ 10} A prohibition action may be dismissed sua sponte and without notice if the court finds the petition is frivolous or it is obvious that the allegations in the petition are not legally sufficient. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

### *Writ of Habeas Corpus*

{¶ 11} R.C. 2725.01 provides that "[w]hoever is * * * entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such * * *."

{¶ 12} Habeas corpus is not available in a child-custody action "when there is an adequate remedy in the ordinary course of law." *Lee v. Weir*, 150 Ohio St.3d 110, 2016-Ohio-8104, 79 N.E.2d 529, ¶ 9, quoting *In re G.T.B.*, 128 Ohio St.3d 502, 2011-Ohio-1789, 947 N.E.2d 166, ¶ 8. An exception to the general rule permits jurisdictional claims to be raised in a habeas corpus action. *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126, ¶ 13.

### *Child Custody*

{¶ 13} R.C. 3105.65(B) provides "[t]he court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent

4.

and legal custodian of the children, to child support, to parenting time of parents with the children * * *." *See also Loetz v. Loetz*, 63 Ohio St.2d 1, 2, 406 N.E.2d 1093 (1980).

### Analysis and Conclusion

{¶ 14} The basis of relator's petition is that respondent Stierwalt did not allege a change of circumstance in his motion to modify parenting time, therefore respondents Reger and Christie of the Wood County Common Pleas Court were without jurisdiction to modify the existing child custody orders.

### *Writ of Prohibition*

{¶ 15} Upon review, relator alleged in her petition that Wood County Common Pleas Court issued a final decree of divorce, naming her the legal custodian of the children. Respondent Stierwalt then filed a motion to modify parenting time and a motion for emergency hearing, a hearing was held and a magistrate's order was issued.

{¶ 16} Based on these allegations, we find that respondents Reger and Christie of the Wood County Common Pleas Court have exercised judicial power. We further find since the Wood County Common Pleas Court rendered the original divorce decree involving relator and respondent Stierwalt, that court retains continuing jurisdiction over matters relating to the custody, care, and support of relator and respondent Stierwalt's minor children. We therefore find that respondents Reger and Christie of the Wood County Common Pleas Court, in exercising their judicial power, did not patently and

5.

unambiguously lack jurisdiction to modify the existing child custody arrangement and award temporary custody of the children to respondent Stierwalt.  *See* R.C. 3105.65(B).

{¶ 17} We conclude the Wood County Common Pleas Court clearly possessed jurisdiction to determine whether to modify the custody of the children and award temporary custody to respondent Stierwalt, and relator has an adequate remedy at law as she can appeal any adverse judgment.  As such, we find relator has not satisfied all of the elements necessary for a writ of prohibition to issue, and we sua sponte dismiss her petition for writ of prohibition, as the allegations in the petition are not legally sufficient.

*Writ of Habeas Corpus*

{¶ 18} As noted above, a writ of habeas corpus will not issue if the relator has an adequate remedy at law.  Upon review of relator's petition, we observe that she did not allege that she lacks an adequate remedy at law.  Rather, relator alleged that she filed an objection to the magistrate's order/motion to set aside the order.  Thus, we find relator had, and has used, an adequate remedy at law to challenge the magistrate's order by objecting to the magistrate's order and moving to set the order aside.  Relator may then appeal any adverse judgment issued by the Wood County Common Pleas Court.

{¶ 19} Because we conclude that relator has an adequate remedy available to her in the ordinary course of law, we deny her request for a writ of habeas corpus.

{¶ 20} Accordingly, relator's petition is dismissed on its face at relator's costs.

{¶ 21} It is so ordered.

6.

{¶ 22} To the Clerk of Court:  The clerk is hereby directed to immediately serve upon all parties a copy of this dismissal of relator's petition for a writ of habeas corpus and writ of prohibition in a manner prescribed by Civ.R. 5(B).

Petition dismissed,
writs denied.


Thomas J. Osowik, J.                                                  _____
JUDGE

Myron C. Duhart, P.J.

_____
Charles E. Sulek, J.                                           JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.