[Cite as *In re A.M.D.*, 2026-Ohio-1418.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN RE:                                         :
                                                        CASE NO. CA2025-08-073
   A.M.D., et al.                       :
                                                        OPINION AND
                                               :        JUDGMENT ENTRY
                                                        4/20/2026
                                               :

                                               :

                                               :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 23-D000066, 23-D000067, 23-D000068, 23-D000069


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Appellant, pro se.


## O P I N I O N


**PIPER, J.**

{¶ 1}   Appellant, Mother, appeals the denial of her petition for a writ of habeas corpus in the Warren County Court of Common Pleas, Juvenile Division. For the reasons

set forth below, we affirm.

## I. Factual and Procedural Background

{¶ 2}  Appellant is the mother of A.M.D., A.S., and A.H., and is the legal custodian of E.W. (A.S., A.H., and E.W. are collectively referred to as the "Other Children"). On May 31, 2023, Warren County Children Services ("WCCS") filed a complaint in the Warren County Juvenile Court alleging that A.M.D. was an abused and dependent child and that the Other Children were dependent children. On the same date the complaint was filed, all four children were removed from mother's custody, and a shelter care hearing was held. The juvenile court ordered that all four children be placed in the temporary custody of their maternal grandmother, subject to the protective supervision of WCCS.

{¶ 3}  An adjudicatory hearing on WCCS's complaint was conducted before a magistrate on September 1, 2023. Mother appeared at the hearing and was represented by counsel. Based on the parties' stipulation of facts and their agreement that those facts were sufficient to support adjudication as requested in the complaint, the magistrate adjudicated A.M.D. an abused and dependent child and adjudicated the Other Children dependent children, as set forth in the magistrate's decision issued on September 7, 2023.

{¶ 4}  A dispositional hearing was held on October 11, 2023. Mother again appeared and was represented by counsel. In the magistrate's decision dated October 16, 2023, the magistrate ordered that all four children remain in the temporary custody of their maternal grandmother, subject to the protective supervision of WCCS. Mother did not file objections to either the September 7, 2023 adjudicatory decision or the October 16, 2023 dispositional decision.

{¶ 5}  On April 17, 2024, the maternal grandmother filed a motion seeking legal custody of all four children. Attached to the motion was a notarized statement from mother

- 2 -

titled "Waiver and Consent," in which mother requested that the juvenile court grant legal custody of the children to the maternal grandmother. On April 26, 2024, WCCS filed a motion requesting that legal custody of A.M.D. be granted to her father, as well as a motion seeking an extension of temporary custody of the Other Children to the maternal grandmother, subject to WCCS's protective supervision. On October 28, 2024, WCCS filed a motion requesting a second extension of temporary custody to the maternal grandmother under protective supervision. On November 7, 2024, the juvenile court magistrate granted both motions to extend temporary custody of the four children to the maternal grandmother, subject to WCCS's protective supervision, and held the motions for legal custody in abeyance.

{¶ 6} On December 5, 2024, mother filed a pro se motion to assert parental rights and a revocation of her consent to granting legal custody of the four children to maternal grandmother. The magistrate construed mother's filings as a Civ.R. 60(B) motion for relief from the September 7, 2023 judgment adjudicating A.M.D. abused and dependent and adjudicating the Other Children dependent and, pursuant to the magistrate's decision of December 16, 2024, denied it. Mother appealed the denial of her motions to this court. On September 22, 2025, we reversed and remanded with instruction that the juvenile court consider mother's revocation of her consent to maternal grandmother being granted legal custody of the four children. *In re: A.M.D.*, Warren CA2025-01-002 (12th Dist. Sep. 22, 2025) (Accelerated Calendar Judgment Entry).

{¶ 7} On August 18, 2025, mother filed a "Renewed motion for relief from judgment pursuant to Ohio Civil Rule 60(B)(5) and in response to prosecutor's August 14, 2025 motion for protective order and discovery response." By entry of September 3, 2025, the juvenile court denied Mother's 60(B) motion. Mother appealed to this court and that appeal is pending.

- 3 -

{¶ 8} On May 29, 2025, Mother filed a petition for a writ of habeas corpus/emergency motion for the return of the children. On June 25, 2025, Mother filed a Motion to Preserve Record and Compel Judicial Determination on Writ of Habeas Corpus. On July 8, 2025, the court denied her petition for a writ of habeas corpus, finding that mother had an adequate remedy at law. The juvenile court dismissed mother's habeas corpus petition because it found she had an adequate remedy at law by way of appeal and a motion for further disposition pursuant to R.C. 2151.353. The juvenile court mistakenly observed that mother had a motion for further disposition pending. Presumably, the juvenile court was referring to the motion for legal custody of the four children filed by maternal grandmother, and Mother's subsequent motion to assert parental rights and revocation of consent to legal custody, which were still pending appeal to this court at the time.

{¶ 9} Mother now appeals from the denial of her petition for a writ of habeas corpus, raising two assignments of error for our review.

**II. Legal Analysis**

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BASED ON A CLEARLY ERRONEOUS FACTUAL FINDING (MISSTATING THAT PETITIONER HAD A PENDING MOTION FOR CUSTODY).

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY FINDING THAT PETITIONER HAD AN ADEQUATE REMEDY AT LAW, WHERE NO SUCH REMEDY WAS AVAILABLE TO HER.

{¶ 14} In her two assignments of error, Mother argues that, contrary to the juvenile court's findings, she lacked an adequate remedy at law. First, she argues that the trial

court erred in concluding that she had an adequate legal remedy in the form of a motion for further disposition when she had not filed such a motion. Second, Mother maintains that she lacked an adequate remedy at law because she was not provided adequate notice or summons before the May 31, 2023 shelter care hearing and therefore every subsequent order was void for lack of jurisdiction.

{¶ 15} In a child-custody action, a writ of habeas corpus will be granted only if the petitioner establishes that "(1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child." *Lee v. Weir*, 2016-Ohio-8104, ¶ 9. In this context, habeas corpus relief is the exception rather than the general rule. *Id*. Further, a petitioner is not entitled to a writ of habeas corpus in a child-custody action "'when there is an adequate remedy in the ordinary course of law.'" *In re G.T.B.*, 2011-Ohio-1789, ¶ 8, quoting *In re Complaint for Writ of Habeas Corpus for Goeller*, 2004-Ohio-5579, ¶ 6.

{¶ 16} Mother has an adequate remedy at law and is therefore not entitled to a writ of habeas corpus. Specifically, Mother had the right to file a motion for further disposition. R.C. 2151.353(F)(2) provides this remedy:

> . . . any party, other than any parent whose parental rights with respect to the child have been terminated pursuant to an order issued under division (A)(4) of this section, by filing a motion with the court, may at any time request the court to modify or terminate any order of disposition issued pursuant to division (A) of this section or section 2151.414 or 2151.415 of the Revised Code. The court shall hold a hearing upon the motion as if the hearing were the original dispositional hearing and shall give all parties to the action and the guardian ad litem notice of the hearing pursuant to the Juvenile Rules.

Mother is correct that the juvenile court misspoke when it stated in its July 8, 2025 entry that she had a motion pending for further disposition. Rather, the maternal grandmother had filed a motion for legal custody with Mother's "Waiver and Consent" attached. Mother later revoked her consent in her pro se "motion to assert parental rights," which was the

subject of Mother's appeal in Case No. CA2025-01-002. When the trial court ruled on Mother's habeas petition, that appeal was still pending. Regardless, this misstatement is irrelevant because it does not change the fact that mother had the right to file a motion for further disposition and therefore had an adequate remedy at law, regardless of whether she had actually filed it.

{¶ 17} Next, mother claims that the juvenile court's proceedings, orders, and judgments are void for lack of jurisdiction because she was not provided with notice of the shelter care hearing. Juv.R. 7(F) provides that a child placed in shelter care requires a prompt shelter care hearing to determine whether shelter care is required and that "[r]easonable oral or written notice of the time, place, and purpose of the detention hearing shall be given to the child and to the parents, guardians, or other custodian, if that person or those persons can be found, and to the victim pursuant to law." R.C. 2151.314(A) provides the same. Juv.R. 7(G) provides that "if a parent . . . did not receive notice of the initial hearing and did not appear or waive appearance at the hearing, the court shall rehear the matter promptly."

{¶ 18} Mother claims she was incarcerated at the time and did not receive notice of the shelter hearing and no rehearing was held. However, both Juv.R. 7(G) and R.C. 2151.314(C) authorize the parent to file a motion for release of the children from shelter care and mother did not avail herself of this right.

{¶ 19} Further, lack of notice of the shelter hearing did not deprive the juvenile court of jurisdiction. Shelter hearings are not dispositive, but rather interlocutory in nature. They are limited in scope and time duration. *In re Moloney*, 24 Ohio St.3d 22, 25 (1986). The Supreme Court of Ohio has held that "[a] parent, who did not receive notice of a hearing relating to shelter care, must first file a motion in the Juvenile Court as provided in that rule before seeking a writ of habeas corpus from the Court of Appeals. Once a

- 6 -

parent files such a motion, Juv.R. 7(G) makes a rehearing mandatory." *Linger v. Weiss*, 57 Ohio St.2d 97, 101 (1979). Mother never filed such a motion.

{¶ 20} We find the juvenile court had proper personal and subject-matter jurisdiction. Mother does not claim that she was not served with the summons and complaint nor does she claim she was not provided with notice of the subsequent adjudicatory or dispositional hearings. Rather, the record reflects that mother was properly served and appeared for both hearings and was represented by counsel at those hearings. Further, R.C. 2151.23(A)(1) explicitly invests the juvenile court with subject-matter jurisdiction "concerning any child who on or about the date specified in the complaint . . . is alleged . . . to be . . . a[n] . . . abused, neglected, or dependent child." Mother's arguments regarding jurisdiction are not well taken.

{¶ 21} Finally, mother claims that the appeal of the adjudications and dispositions of the children were not adequate remedies at law because she did not have counsel. The record reflects that mother was represented by counsel at both hearings but mother never filed objections to the magistrate's decision or otherwise appealed from those decisions after they were adopted by the juvenile court. Ultimately, whether mother was represented by counsel after the hearings did not affect her ability to litigate her case or appeal, as evidenced by the numerous pro se motions she filed in the trial court and appeals she filed in this court from those decisions.

{¶ 22} The trial court's misstatement in its entry did not deprive Mother of an adequate remedy at law, and Mother's lack of notice of the shelter care hearing did not deprive the trial court of jurisdiction. Appellant's first and second assignments of error are overruled.

### III. Conclusion

{¶ 23} The trial court did not err in denying Mother's petition for a writ of habeas

corpus.

{¶ 24} Judgment affirmed.


BYRNE, P.J. and M. POWELL, J., concur.


## J U D G M E N T   E N T R Y


The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


_/s/ Matthew R. Byrne, Presiding Judge_


_/s/ Robin N. Piper, Judge_


_/s/ Mike Powell, Judge_