### GEESE, Admx. v. NEEDS

Ohio Appeals, 5th Dist., Coshocton Co.

No. 163. Decided April 12, 1926

Judge Sayre, 4th Dist., sitting by designation.

941. PRACTICE AND PROCEDURE—It is not proper and allowable to interpret what has no need of interpretation.

721. LIFE ESTATES—Divorced wife of life tenant, when given one half of his interest as alimony, does not hold fee to land upon his death, where will directs property sold to be divided between second wife and children. HOUCK, J.

This case was heard in the Coshocton Common Pleas on an agreed statement of facts which in substance was that Christopher Geese died in 1870 and by his will, devised to Christopher C. Geese and his heirs after him, certain land.

In 1896, Catherine Geese, now Needs, the wife of said devisee, Christopher C. Geese, sued him for divorce. The decree found an estate in said real estate for and during his natural life - - - - and that the plaintiff (Catherine Geese) be adjudged possessed of, as alimony, the full one-half in value of said real estate for and during the natural life of Christopher Geese, her said half to be set off to her in severalty.

In 1925 Christopher C. Geese died leaving a widow by his second marriage and several children; and he left a will whereby the land in controversy was to be sold and proceeds to be divided between the children and his second wife.

Geese, the Administratrix, brought this action to quiet title and to sell the land. Needs averred that she was owner in fee of the land sought to be sold. Judgment in the lower court was for the administratrix and the case was appealed to the Court of Appeals. The administratrix claimed that under the decree of divorce, Needs took but a life estate; and under the will of Christopher C. Geese, the fee vests in the second wife and the children. The Court of Appeals held:

1. Whether or not the fee to the real estate vests in the first wife or in the second wife and the children must be determined upon a proper construction of the language used in the divorce decree.

2. If the words and language used are free from ambiguity and doubt, and appear to clearly express the sense those who used them intended, there is no occasion to resort to other means of interpretation.

3. Under the language used in the decree of divorce, Needs had only an estate pour autre

## STATE COURT OF APPEALS—Continued

vie, in and to the land in question, and upon the death of Christopher C. Geese, her estate therein terminated.

4. Cross-petition of Needs dismissed and judgment for Geese.

Judgment accordingly.

Attorneys—Pomerene & Pomerene for Geese; T. H. Wheeler and M. C. Ely for Needs; all of Coshocton.