SHAVER, Appellee,

v.

STANDARD OIL COMPANY, Appellant.

[Cite as *Shaver v. Std. Oil Co.* (1999), 135 Ohio App.3d 242.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–99–007.

Decided Oct. 22, 1999.

*Dennis E. Murray, Sr., Dennis E. Murray, Jr.* and *Barbara Quinn Smith,* for appellee.

*Walter J. Rekstis III, James P. Murphy, Jill G. Okun, Steven A. Friedman* and *William W. Owens,* for appellant.

MELVIN L. RESNICK, Judge.

This is an appeal from a judgment of the Huron County Court of Common Pleas. That court granted appellee Kenneth B. Shaver's request for class certification of his claim of breach of fiduciary duty. Appellant, Standard Oil Company, also known as Sohio, now appeals and sets forth the following assignments of error:

"I. The trial court erred in reconsidering this court's ruling denying class certification of plaintiff's breach of fiduciary duty claim.

"II. The trial court erred in granting class certification of plaintiff's breach of fiduciary duty claim."

This is the third time that this cause has been before the court. Both prior appeals addressed the propriety of class certification, pursuant to Civ.R. 23, of the claims raised by appellee, Kenneth B. Shaver. See *Shaver v. Std. Oil* (1993), 89 Ohio App.3d 52, 623 N.E.2d 602 (*"Shaver II"*); *Shaver v. Std. Oil* (1990), 68 Ohio App.3d 783, 589 N.E.2d 1348 (*"Shaver I"*).

Briefly, the facts of this case are as follows. Kenneth Shaver is a former Standard Oil lessee/dealer. Standard Oil required Shaver to sell Sohio brand gasoline and Atlas brand tires, batteries, and accessories. In 1981, Shaver filed his complaint against Standard Oil on behalf of himself and all former and present lessee dealers of Standard Oil. He alleged that Standard Oil engaged in restraint of trade and sought to force independent lessee dealers out of business. Shaver later requested class certification of the four claims asserted in his complaint.

■ The prerequisites for class certification are found in Civ.R. 23. Civ.R. 23(A) requires an identifiable class, class membership in the class by the named representatives, numerosity, commonality, typicality, and adequacy of representation. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 71, 694 N.E.2d 442, 448. In addition, one of the three prerequisites enumerated in Civ.R. 23(B)(3) must be satisfied. *Id.* In the present case, appellee seeks class certification pursuant to Civ.R. 23(B)(3), which requires a court to determine that common questions predominate over questions affecting only individual members and that a class action is superior to alternative methods for a fair and efficient adjudication of the controversy. *Id.* at 80, 694 N.E.2d at 453–454. For common questions to predominate, it is not sufficient that they merely exist. Rather, they must represent a significant aspect of the case and must be capable of resolution for all members in a single adjudication. *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 204, 31 OBR 398, 401–402, 509 N.E.2d 1249, 1254, citing *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 15 OBR 439, 473 N.E.2d 822.

In *Shaver I*, without considering the foregoing prerequisites, the trial court denied appellee's motion for class certification. On appeal, this court found that the trial court abused its discretion by totally denying class certification on all of appellee's claims without first considering the Civ.R. 23 prerequisites. *Shaver I*, 68 Ohio App.3d at 799, 589 N.E.2d at 1358–1359. We held that an appropriate class may be maintainable, *id.* at 798, 589 N.E.2d at 1357–1358, and remanded the

case to the trial court for further proceedings, *id.* at 799, 589 N.E.2d at 1358–1359.

In *Shaver II,* the trial court denied class certification as to all four of appellee's claims. With regard to the claim for breach of fiduciary duty, the court focused on Civ.R. 23(B)(3) and held:

"In light of the allegations of the plaintiff, it would become necessary for this Court to examine the state of mind of each member of the proposed class to determine their intention and understanding with respect to their relationship with Sohio and to examine the defendant as to its course of dealing with each member of the class before a fiduciary duty can be found to have existed between the defendant and any one member of the class and it is possible and probable that the proof on this issue will vary with respect to each of the proposed member[s] of the class."

This court affirmed the trial court's denial of class certification of appellee's claim for breach of fiduciary duty. In that appeal, appellee asked this court to find that a fiduciary duty existed as a matter of law. Appellee contended that he must be allowed to proceed on the theory that a fiduciary duty is automatically created because to do otherwise would improperly reach the merits of the claim. *Id.,* 89 Ohio App.3d at 62, 623 N.E.2d at 608–609. We disagreed. The relevant provisions of *Shaver II* read:

"The second cause of action alleged by appellant was a claim for a breach of fiduciary duty. Appellant [Kenneth Shaver] argues that because Ohio courts recognize some business transactions and relationships as creating fiduciary relationships as a matter of law, the trial court was compelled to declare the existence of a fiduciary relationship in this instance. Appellant acknowledges that no Ohio court has previously ruled on whether the relationship between a major oil company and independent dealer to lease gasoline stations from the company automatically gives rise to fiduciary duties. Appellant argues, however, that it must be allowed to proceed on the theory that a fiduciary duty is automatically created because to rule otherwise and to dismiss the case at this stage is to improperly reach the merits of the claim. We disagree.

"The trial court did not abuse its discretion when it refused to create a new theory of law regarding the proof required to show the existence of a fiduciary duty. The Supreme Court of Ohio has stated: 'A "fiduciary relationship" is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' *In re Termination of Employment of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 517, 321 N.E.2d 603, 609. A contractual relationship alone does not automatically create a fiduciary duty. See *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 101–102, 519 N.E.2d 363, 367–

368. The trial court did not reach the merits of whether a fiduciary duty was in existence in this case. Rather, it ruled that, on the basis of accepted law in Ohio, the manner of proving the existence of a fiduciary duty in this case requires a case-by-case demonstration of the existence of special confidence and trust. Because a case-by-case demonstration is required, individual questions are more predominant than common questions and class certification is not appropriate as to this cause of action pursuant to Civ.R. 23(B)(3)." *Shaver II,* 89 Ohio App.3d at 62, 623 N.E.2d 602.

In *Shaver II,* we also determined that the trial court abused its discretion in failing to certify the proposed class as to Shaver's antitrust claim and a claim based on an alleged violation of the Ohio Consumer Sales Practices Act. We therefore reversed the judgment of the common pleas court with regard to these two claims and remanded this case for further proceedings. *Id.* at 64–65, 623 N.E.2d at 610–611.

While this case was pending before the trial court upon remand, the Ohio Supreme Court decided *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426, 696 N.E.2d 1001. In *Cope,* the plaintiffs (MetLife insureds) sought certification of a class of MetLife policyholders who were sold replacement insurance as new insurance and did not receive mandated disclosure warnings. *Id.* at 437, 696 N.E.2d at 1008–1009. The plaintiffs in *Cope* asserted twelve claims, including claims for breach of fiduciary duty, breach of insurance law, a violation of the Delaware Consumer Fraud Act, and deceit by concealment. *Id.* at 428, 696 N.E.2d at 1002–1003. The gist of the complaint in *Cope* was that "MetLife engaged in a scheme to collect larger commissions and front-end load charges by intentionally omitting the state-mandated written disclosure warnings when issuing replacement life insurance." *Id.* at 433, 696 N.E.2d at 1006. While the trial court in *Cope* found that all of the prerequisites of Civ.R. 23(A) were met, it concluded that the Civ.R. 23(B)(3) class certification requirements of predominance and superiority were not satisfied because individual determinations as to what each plaintiff was told by his or her insurance agent would be crucial in determining liability. *Id.* at 428, 696 N.E.2d at 1002–1003. The court of appeals agreed with the trial court, holding that individualized proof would be necessary to determine each claim. *Id.*

Thus, on appeal to the Ohio Supreme Court, the sole issue was whether the predominance and superiority requirements were fulfilled. In general, the *Cope* court emphasized the fact that cases involving fraud and/or standard documents that reveal a single underlying scheme are particularly subject to common proof. *Id.* at 430–432, 696 N.E.2d at 1004–1006. Relying on identical out-of-state class actions against MetLife and provisions of the Ohio Administrative Code to ascertain intent, the high court determined that "if appellants can establish by

common proof and/or form documents that MetLife, through its agents, was required and failed to give the mandated disclosure warnings, then at least an inference of inducement and reliance would arise as to the entire class, thereby obviating the necessity for individual proof on these issues." *Id.* at 436, 696 N.E.2d at 1008. Notably, the *Cope* court never stated that the claims raised by the plaintiffs arise in all cases involving consumer or securities fraud or violations of antitrust laws. Instead, the court determined that a " 'claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.' " *Id.*, 82 Ohio St.3d at 429–430, 696 N.E.2d at 1004, quoting *Lockwood Motors, Inc. v. Gen. Motors Corp.* (D.Minn.1995), 162 F.R.D. 569, 580.

MetLife argued separately, however, that the breach-of-fiduciary-duty claim could not be certified because these claims could not " 'be proven without transaction specific proof.' " *Id.* at 436, 696 N.E.2d at 1008. The *Cope* court rejected this argument, finding that the alleged circumstances surrounding each insurance transaction presented a common fact situation from which a jury could find "that a reasonable person * * * would repose special confidence and trust in MetLife to disclose material information." *Id.* at 437, 696 N.E.2d at 1009. The court held that from this, the jury could infer the existence of a fiduciary duty across the entire class. *Id.* In summary, the court stated: " 'The predominant common question is * * * the conduct of the defendants, a common question of fact.' " *Id.*, quoting *Skalbania v. Simmons* (Ind.App.1982), 443 N.E.2d 352, 361.

Shortly after the release of *Cope,* Shaver filed a motion for reconsideration of the class certification of his breach-of-fiduciary-duty in the trial court. Relying on *Cope,* he contended that the predominance prong of the standard set forth in Civ.R. 23(B)(3) could be satisfied because the predominance question would be the conduct of Standard Oil—not the individual state of mind of each of the dealers. In opposition, Standard Oil asserted that the court was precluded from reconsidering class certification of the claim for breach of the fiduciary duty by the doctrine of the law of the case. In reply, Shaver argued that our decision in *Shaver II* was in direct conflict with *Cope* on the issue of whether, as a matter of law, proof of the existence of a fiduciary duty could not be made on a classwide basis. Citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, Shaver maintained that the law-of-the-case doctrine was inapplicable due to the intervening decision, *i.e., Cope,* of the Ohio Supreme Court.

The trial court agreed with Shaver and granted the motion for reconsideration of its denial of class certification of Shaver's breach-of-fiduciary-duty claim. In doing so, however, the court also granted class certification of that claim for

breach of fiduciary duty itself. Realizing its error, the trial court later amended its judgment entry, stating only that the "law of the case doctrine does not preclude the Court from reconsidering the prior decision on class certification of the breach of fiduciary claim."

After both parties extensively briefed the issue of certification, the trial court certified the claim for breach of fiduciary duty as a class action. This appeal followed.

■ The threshold issue in this case is found in appellant's first assignment of error. In that assignment, Standard Oil asserts that the trial court is precluded by the doctrine of the law of the case from reconsidering its previous denial of class certification of Shaver's claim for breach of fiduciary duty.

■ The doctrine of the law of the case provides that the decision of a reviewing court in a case remains the law of that case for all subsequent proceedings at both the trial court and reviewing levels. *Nolan v. Nolan,* 11 Ohio St.3d at 3, 11 OBR at 3, 462 N.E.2d at 413. This rule of practice "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.,* citing *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 391 N.E.2d 343, 345. However, and only under extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, may a trial court choose to disregard the mandate of an appellate court. *Nolan v. Nolan,* 11 Ohio St.3d at the syllabus. Furthermore, the intervening Supreme Court case must state a rule of law that is in conflict with the reviewing court's mandate. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 183, 652 N.E.2d 742, 744–745; *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1994), 70 Ohio St.3d 344, 345, 639 N.E.2d 25, 26.

In the case before us, the trial court construed our decision in *Shaver II* and determined that "the Court of Appeals found that the existence of a fiduciary duty can only be made on a case by case basis." The common pleas court then concluded that, in contrast, the *Cope* court held that "a jury may find the existence of a fiduciary duty across the entire class." Thus, the lower court found that *Cope* stated a rule of law in conflict with this court's mandate, to wit, "that the existence of a breach of fiduciary duty may be made on a classwide basis." We disagree with the trial court's characterization of this court's holding in *Shaver II* and, for the following reasons, reverse that court's judgment.

■ Judgments are to be construed like other written instruments by giving the language of the instrument its ordinary meaning. *Elling v. Witt* (Feb. 10, 1995), Ottawa App. No. 94–OT–032, unreported, 1995 WL 54127. See, also, 62 Ohio Jurisprudence 3d (1985) 359, Judgments, Section 34. Thus, where an entry

is not ambiguous, it needs no interpretation or construction. *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393; *Geese v. Needs* (1926), 24 Ohio App. 543, 545, 155 N.E. 866, 866–867. If the words and language used in a judgment or decree are free of ambiguity and doubt and appear to express clearly and plainly the sense intended, there is no occasion to resort to other means of interpretation. *Geese v. Needs,* 24 Ohio App. at 545, 155 N.E. at 866–867.

The language of this court's judgment in *Shaver II* is plain and unambiguous. While recognizing that no Ohio court had previously ruled on whether the relationship between a major oil company and an independent lessee of a gasoline station automatically gave rise to a fiduciary relationship, Shaver argued that the members of his alleged class were entitled to a finding of a fiduciary relationship as a matter of law. We disagreed, declining to create new Ohio law granting an automatic creation of a fiduciary relationship upon the facts of *Shaver II.* We found that *in this case,* the trial court was correct in finding that proving the existence of a fiduciary relationship required individualized questions, that is, case-by-case questions of the individual lessee-dealers. Because individual questions were more predominant than common questions, we concluded that class certification, pursuant to Civ.R. 23(B)(3), was "not appropriate as to *this* cause of action." (Emphasis added.) *Shaver II,* 89 Ohio App.3d at 62, 623 N.E.2d at 609. In other words, our conclusion was limited to the facts and circumstances of *Shaver II.* This court did not render a blanket holding that the *only* way the existence of a fiduciary relationship could be established was on a case-by-case (individualized) basis. If this were true, a claim for breach of fiduciary duty could never meet the predominance standard set forth in Civ.R. 23(B)(3).

Turning to *Cope,* the Ohio Supreme Court relied on specific allegations [1] in that case to reach the conclusion that from a common fact situation, it may be possible for a reasonable person to infer the existence of a fiduciary duty on a classwide basis. *Id.,* 82 Ohio St.3d at 437, 696 N.E.2d at 1008–1009. Even if we assume that this is new law in Ohio, it does not conflict with the rule of law in *Shaver II.* Cf. *Dallas v. Stern* (May 4, 1995), Cuyahoga App. No. 67830, unreported, 1995 WL 264473. Thus, the law-of-the-case doctrine is applicable in this instance, and the trial court was bound to follow our mandate in *Shaver II.* Therefore, the court could not consider, much less grant, class certification of Shaver's breach-of-fiduciary-duty claim. Accordingly, Standard Oil's first assignment of error is found well taken.

---

1. These allegations were:

"MetLife agents targeted existing MetLife policyholders, sold them replacement insurance as new insurance, and intentionally omitted the mandated disclosure warnings in violation of statutory and regulatory provisions and MetLife's own policies and procedures." *Id.,* 82 Ohio St.3d at 437, 696 N.E.2d at 1009.

Our disposition of the first assignment of error renders Standard Oil's second assignment of error moot, and it will therefore not be considered by this court. The judgment of the Huron County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings not inconsistent with this judgment. Kenneth B. Shaver is ordered to pay the costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., and PIETRYKOWSKI, J., concur.