[Cite as *Wilken v. Wachovia Bank of Delaware, N.A.*, 2014-Ohio-2840.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

John Wilken and Andrea Wilken,
as class representatives

    Appellees

v.

Wachovia Bank of Delaware, N.A.

    Appellant

Court of Appeals No. H-13-020

Trial Court No. CVE-2002-4321

**DECISION AND JUDGMENT**

Decided: June 27, 2014

* * * * *

John T. Murray, Leslie O. Murray, Michael J. Stewart, James J. Martin and Robert W. Gentzel, for appellees.

James S. Wertheim, Kimberly Y. Smith Rivera and Russell J. Pope, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} Defendant-appellant, Wachovia Bank of Delaware, N.A. ("Wachovia"),

appeals the judgment of the Huron County Court of Common Pleas, which followed our

affirmance of the trial court's judgments approving a class action settlement and awarding attorney fees. We reverse.

## A. Facts and Procedural Background

{¶ 2} This is the third appeal in this class action litigation. In the first appeal, we affirmed the trial court's certification of the class. *Wachovia Natl. Bank of Delaware, NA v. Ball*, 6th Dist. Huron No. H-08-022, 2010-Ohio-1479. In the second appeal, we affirmed the trial court's judgments that approved the class action settlement agreement and awarded attorney fees. *Wilken v. Wachovia Bank of Delaware, N.A.*, 6th Dist. Huron No. H-12-006, 2013-Ohio-2132. In the present appeal, Wachovia challenges the trial court's "Post-Affirmance Opinion and Order," which ordered Wachovia to pay an additional approximately $1.2 million, and which determined that postjudgment statutory interest began to accrue on January 31, 2012, when the trial court entered its judgment approving the class action settlement.

{¶ 3} The relevant facts predate our decision in the second appeal.[1] After extensive litigation and negotiations, the parties in this class action lawsuit reached a settlement agreement. As part of the agreement, Wachovia agreed to pay class members a defined amount if they filed a qualifying claim. The specific terms of the settlement agreement are not relevant to the present appeal, except as they pertain to the payment of attorney fees. Under the agreement, class counsel was to request attorney fees totaling

---

[1] A more complete recitation of facts can be found in our decision in *Wilken v. Wachovia Bank of Delaware, N.A.*, 6th Dist. Huron No. H-12-006, 2013-Ohio-2132.

2.

one-third of the value of the settlement, which the parties estimated to be $5.6 million. Notice was sent to the class members that they would not be required to pay the attorney fee directly, but rather the resulting $1.85 million attorney fee would be deducted proportionately from the net disbursement each class member received.

{¶ 4} As discussions regarding the acceptability of the settlement agreement continued in the trial court, it became clear that the response rate was not as high as desired, and that an amount significantly less than $5.6 million would be disbursed to class members. Nevertheless, on October 6, 2011, the parties jointly moved for approval of the settlement agreement. In addition, on that date, class counsel and Wachovia jointly submitted a letter in an effort to resolve a perceived ambiguity in the settlement agreement as to how the attorney fee would be deducted from the disbursements to class members. Because the response was lower than expected, class counsel and Wachovia assured the court that no more than one-third of each disbursement would be deducted to pay the requested $1.85 million attorney fee. Rather, Wachovia agreed to supplement the fee award such that it would pay to class counsel directly any difference between the $1.85 million requested fee and the amount deducted from the class members' disbursements.

{¶ 5} The settlement hearing continued on January 5, 2012, after another round of notices to class members directed at increasing the participation rate. Notably, this round of notices did not contain any clarification regarding attorney fees or Wachovia's agreement to supplement the fee award. At the end of the January 5, 2012 hearing, the

3.

trial court expressed its concerns with the settlement agreement, particularly the attorney fees. The court was satisfied with class counsel receiving one-third of the disbursed awards, which at that time were estimated to be only $3 million. Where the court had trouble, though, was the supplemental payment from Wachovia. The court wondered, if Wachovia was willing to pay that additional amount, why should it not pay the money to the class members.

{¶ 6} Following a short recess, the court proposed a compromise:

[The court would be] willing to approve the settlement as described, with the provision for the supplementation of payment to plaintiff's counsel that has been agreed upon in [the October 6, 2011] letter, provided that claimants' counsel will issue a supplemental payment to the [sub-]class A and B claimants of two-thirds of the supplement that they receive. They could retain one-third of the underlying amounts in that fashion.

The parties were granted time to examine the proposal, and the settlement hearing was continued until January 31, 2012. On January 23, 2012, class counsel and Wachovia jointly submitted a letter that rejected the trial court's suggested compromise. In the letter, class counsel and Wachovia reasoned that the compromise deviated from the terms in the notice sent to class members, and would raise due process concerns with regard to the sufficiency of the notice. In addition, class counsel and Wachovia argued that setting the amount of attorney fees based on the actual disbursement to the class members failed

4.

to account for the total benefit conferred on the class. Further, they stated that it is more common for attorney fees to be determined based on the total amount of the fund.

{¶ 7} On January 31, 2012, the settlement hearing continued. At that time, the response period for class members had officially concluded, and the amount due to be disbursed totaled only $1.8 million. Following the hearing, the trial court entered its final judgment on January 31, 2012, approving the settlement agreement. Contemporaneously, the trial court entered a second judgment, which incorporated and amended the first, and which determined attorney fees and expenses. In that second judgment, the court rejected the special arrangement between class counsel and Wachovia because

> (a) the Settlement Agreement did not report or approve it; (b) the court approved Notice of Pending Class Action Settlement did not report it; (c) the court has no reason to believe that the Class Members have been made aware of it; (d) that relatively large payment by the adverse party may affect or have the appearance of affecting Class Counsel's independent judgment on behalf of the Class Members; (e) the Class Members have not approved that payment; and (f) the total fees would then exceed 60% of the total funds paid for this settlement.

The trial court then awarded fees of one-third of each payment for any class member's claim as fair and reasonable compensation. The court reasoned that the resulting payment exceeds the time charges that class counsel reasonably expended on behalf of

5.

the class members, and is consistent with the written contingent fee arrangement to accept one-third of all funds received as full payment for their services.

{¶ 8} The class members, on behalf of class counsel, appealed the trial court's judgments, arguing that the court erred when it awarded only one-third of the actual disbursements as attorney fees. At the outset, Wachovia moved to dismiss the appeal as it pertained to the trial court's first judgment—which approved the terms of the settlement agreement—so that it could distribute the funds to the class members. However, we denied Wachovia's motion, because the trial court's second judgment amended and incorporated the first judgment, and thus the two were inseparable. Thereafter, we affirmed the trial court's judgments in *Wilken v. Wachovia Bank of Delaware, N.A.*, 6th Dist. Huron No. H-12-006, 2013-Ohio-2132.

{¶ 9} After our decision was entered, the trial court ordered a hearing on four issues, two of which are relevant to the present appeal: "(a) whether the supplemental payment [of class counsel's attorney fees] remains available on suitable terms, [and] (b) whether statutory interest ran on the judgment order." The parties filed briefs prior to this "post-affirmance hearing."

{¶ 10} In their brief in response to the first issue, the class members took the position that the settlement agreement provided for a sum-certain to be distributed to them, and that any additional payment would require modification of the settlement agreement. They concluded that it would be in the best interests of the class to "move to disbursement as quickly as possible in accordance with the Court-approved Settlement

6.

Agreement." Similarly, Wachovia argued that any additional payment would change the settlement agreement, and would require the parties to begin anew with notices to all prospective class members. Moreover, Wachovia contended that the affirmance on appeal of the trial court's judgments approving the settlement agreement and establishing attorney fees had concluded the matter. Thus, Wachovia believed that all that remained was to distribute the payments in accordance with the approved settlement agreement.

{¶ 11} At the "post-affirmance" hearing, however, the trial court resurrected its earlier proposal of allowing the supplemental payment of attorney fees from Wachovia, on the condition that class counsel share two-thirds of that payment with the claiming class members. The court asked class counsel if, under these circumstances, counsel would like to reconsider whether it would like to seek approval of the supplemental fee agreement. Without hesitation, class counsel expressed its desire to "do anything to deliver more money to the class." Nevertheless, class counsel did raise the issue of due process with regard to those class members who did not opt out, but who also did not submit a claim form. Wachovia, for its part, agreed with the due process concerns, and objected to any implementation of the supplemental payment. The trial court took the matter under advisement, and the conversation then turned to the issue of statutory interest on the judgment.

{¶ 12} Regarding the statutory interest issue, the class members had argued in their brief that since Wachovia had control of all of the funds during the appeal, postjudgment interest is due beginning from January 31, 2012, when the trial court

7.

entered its judgment approving the settlement agreement. Wachovia, on the other hand, argued that the disbursements did not become due and payable pursuant to the settlement agreement until the appellate process had been exhausted. Thus, because R.C. 1343.03 does not provide for interest until the money becomes due and payable, Wachovia concluded that it only owes interest beginning from when the time for appeal from our second decision had expired.

{¶ 13} Following the hearing on these issues, the trial court entered its "post-affirmance" judgment. Pertaining to the supplemental fee payment, the trial court found that Wachovia was seeking to avoid its contractual obligation to make the supplemental payment by arguing that our decision in the second appeal "somehow settled this issue." The court disagreed, and stated, "[T]he appeal merely confirmed this Court's authority to decline approval for that supplemental payment when Class Counsel were unwilling to share it with their clients. Nothing in the appellate opinion denies this Court's authority to approve that payment on more appropriate terms." The court continued by noting that Wachovia originally approved an estimated payment of $5.6 million, which greatly exceeds the $3.1 million total it would have to pay if the supplemental fee payment is approved. If the supplemental payment is not approved, Wachovia would enjoy a $1.2 million windfall. Therefore, the trial court ordered Wachovia to pay the $1.2 million

8.

supplemental fee payment to class counsel, who would then be responsible for disbursing the money to the claiming class members.[2]

{¶ 14} Concerning the issue of statutory interest on the judgment, the trial court recognized paragraph 22 of the settlement agreement, which states that once the agreement becomes final, monetary awards will then be issued, and paragraph 45, which provides:

> This Agreement shall become final when (i) the Court has entered a final order approving this Agreement under Civil Rule 23 and dismissing the action against Wachovia on the merits with prejudice as to all Class Members, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of an Order of Final Judgment has expired without appeal. In the event of an appeal, this Agreement shall become final when the approval of this Agreement and the Order of Final Judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

However, the court found that neither party challenged the *settlement agreement* on appeal, only the attorney fee judgment, and that nothing in those paragraphs permitted Wachovia to withhold payments when the settlement agreement was not challenged.

---

[2] The trial court also found that no due process concerns would exist regarding the sufficiency of the notice to the non-claiming class members.

9.

Furthermore, the court found that "This Court's Orders expressly amended the Settlement Agreement and unequivocally superseded any contrary language in that Agreement when it ruled that the settlement was 'Final' on January 31, 2012. Without any appeal from those orders, they are the law of this case." Therefore, the trial court ordered Wachovia to pay the settlement amounts to the claiming class members with statutory interest from January 31, 2012.

## B. Assignments of Error

{¶ 15} Wachovia has timely appealed the trial court's "post-affirmance" judgment, raising two assignments of error for our review:[3]

> 1. The trial court erred in reopening and modifying its prior final ruling on attorneys' fees after that ruling had been affirmed by this Court on appeal.

> 2. The trial court erred in ruling that post-judgment interest runs from January 31, 2012.

## II. Analysis

## A. Supplemental Fee Payment

{¶ 16} In its first assignment of error, Wachovia presents three arguments why the trial court's decision to require Wachovia to pay an additional $1.2 million must be reversed. First, it contends that the trial court did not have jurisdiction to reconsider and

---

[3] As has been common practice by the parties throughout this lengthy litigation, Wachovia has also filed an action for a writ of prohibition against the trial court judge in case No. H-13-023.

10.

reverse its prior ruling on the supplemental fee issue. Second, Wachovia argues that the trial court's actions are barred by the law of the case doctrine. Finally, Wachovia asserts that the trial court has effectively and impermissibly rewritten the parties' settlement agreement. Because we find Wachovia's second argument sufficient to dispose of this matter, we need not address the other two.

{¶ 17} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Id.* "However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.* at syllabus.

{¶ 18} In *Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988), the Ohio Supreme Court relied on the law of the case doctrine to prevent the trial court from considering claims whose denial had been affirmed on appeal. In that case, Hawley brought an action to rescind the sale of property based on mutual mistake. *Id.* at 157. Ritley responded with several counterclaims and cross-claims, including a counterclaim

11.

for breach of contract. After a trial, the trial court ordered a rescission of the purchase agreement, and then "merged" all of Ritley's counterclaims and cross-claims into its final order in favor of Hawley. Ritley appealed, and in his sixth assignment of error, he alleged that the trial court committed reversible error when it merged his counterclaims and cross-claims into the order. The court of appeals reversed the trial court's rescission of the purchase agreement, and ordered judgment to be entered in Ritley's favor. *Id.* at 157-158. However, the court of appeals, relying on App.R. 12(A),[4] found Ritley's sixth assignment of error not well-taken because Ritley failed to brief that assignment. *Id.* at 158. Ritley then moved the court of appeals to reconsider its determination of his sixth assignment of error, which the court denied. No further appeal from the court of appeals' decision was taken. Thereafter, the matter was remanded to the trial court. *Id.*

{¶ 19} On remand and entry of judgment in his favor, Ritley moved for leave to file supplemental counterclaims, including a counterclaim for breach of contract. Over Hawley's objection, the trial court permitted the supplemental counterclaims, and Ritley eventually received a jury award on his breach of contract counterclaim. Hawley subsequently appealed, and the court of appeals reversed the judgment on the jury verdict. The court of appeals reasoned that the trial court exceeded the scope of its remand by entertaining the supplemental counterclaims. The court stated that it had

---

[4] "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).

12.

considered all of the issues raised by the parties in the first appeal, and found that its disposition of those issues constituted the "law of the case." Therefore, the court concluded that it was error for the trial court to consider the counterclaims that had been, in its opinion, disposed of in the first trial and upon appellate review. *Id.*

{¶ 20} On appeal, the Ohio Supreme Court affirmed. The court reasoned, in part, that even assuming the court of appeals abused its discretion when it disposed of Ritley's sixth assignment of error, because Ritley did not appeal from that decision, it became the law of the case, and he must endure the consequences of that decision. *Id.* at 159-160. Therefore, the Ohio Supreme Court held that the trial court exceeded the scope of its remand from the court of appeals when it allowed Ritley to pursue his breach of contract claim, which was clearly the subject of his sixth assignment of error. *Id.* at 161.

{¶ 21} Likewise, in *Shaver v. Std. Oil Co.*, 135 Ohio App.3d 242, 733 N.E.2d 645 (6th Dist.1999), we held that the law of the case doctrine prevented the trial court from approving class certification on Shaver's claim for breach of fiduciary duty. In that case, the trial court initially denied class certification, finding that the question of whether a fiduciary relationship existed will vary with respect to each proposed member of the class. *Id.* at 245. On appeal, we affirmed the trial court's judgment on this issue pursuant to Civ.R. 23(B)(3) since individual questions were more predominant than common questions. However, we held that the trial court abused its discretion in failing to certify a class as to two other claims. Thus, we remanded the matter for further proceedings on those two other claims. *Id.* at 246.

13.

**{¶ 22}** While the case was pending before the trial court on remand, Shaver moved the trial court to reconsider its denial of class certification on the fiduciary duty claim in light of a recently decided Ohio Supreme Court decision, which he argued was in direct conflict with our decision on appeal. The trial court agreed, and granted class certification. *Id.* at 247. We reversed. We reasoned that the law of the case doctrine was applicable because the intervening Ohio Supreme Court decision was not in conflict with our earlier decision. Therefore, we held that the trial court was bound to follow our earlier mandate, and "could not consider, much less grant, class certification of Shaver's breach-of-fiduciary-duty claim." *Id.* at 249.

**{¶ 23}** Here, we are presented with an analogous situation. In its January 31, 2012 judgments, the trial court approved the settlement agreement that established a definite amount to be paid to each claiming class member, and awarded one-third of the payments as attorney fees. We affirmed the trial court's judgments on appeal. No applications for reconsideration were made, and no appeal was taken to the Ohio Supreme Court. Thus, our mandate affirming the amount of attorney fees became the law of the case. As such, in the absence of any extraordinary circumstances, the trial court could not consider, much less grant, the class members' request for an additional payment from Wachovia.

**{¶ 24}** Although they do not attempt to argue any extraordinary circumstances that would allow the trial court to disregard our mandate, the class members do argue that the trial court's actions are entirely consistent with our decision affirming the January 31, 2012 judgments. Like the trial court, they contend that the October 6, 2011 letter is an

14.

enforceable contract. They note that we affirmed the trial court's initial rejection of this contract because it did not benefit the class. However, since the trial court has ordered the supplemental payment to be shared with class members, they state that the agreement now does benefit the class, which is consistent with our decision. We find two flaws in the class members' reasoning.

{¶ 25} First, in reaching the conclusion that the October 6, 2011 letter is an enforceable contract, they rely on a purported acknowledgment of such by Wachovia's counsel and on a line from our decision in the second appeal. However, neither of those supports their conclusion. As to the former, Wachovia's counsel stated at the post-affirmance hearing with regard to the obligation to pay the supplemental fee, "We believe there is a contractual agreement to do so *if this Court* had *approved it*." (Emphasis added.) As to the latter, our decision stated that the October 6, 2011 letter was not an agreement between the parties because the class members were never notified of it, but "[a]t best, it was an agreement between class counsel and Wachovia." *Wilken*, 6th Dist. No. H-12-006, 2013-Ohio-2132 at ¶ 22. This statement cannot reasonably be relied upon as definitive proof that a contract existed. Thus, the class members' conclusion that the October 6, 2011 letter is an enforceable contract is unfounded.[5]

{¶ 26} The second flaw in the class members' reasoning is their characterization of our mandate as directing the trial court to benefit the class. We agree that the class

---

[5] Furthermore, we mention only in passing the potential ethical issues that would arise where counsel, without informing his or her client, enters into an agreement whereby the opposing party would pay the counsel directly in exchange for settling the litigation.

members should be benefitted by the settlement. However, the initial matter before the trial court was to approve the settlement agreement as fair, just, and reasonable, and to determine a fair and reasonable amount of attorney fees. The trial court accomplished this in its January 31, 2012 judgments. Our mandate in affirming the trial court was to maintain those judgments in effect. By ordering Wachovia to make an additional payment, the trial court acted contrary to our mandate, and essentially reconsidered its own earlier decision that the settlement and attorney fee amounts were fair and reasonable. In so doing, the court violated both the law of the case doctrine and the well-settled rule that "[O]nce a final judgment is entered, it cannot be reconsidered by the trial court." *Phillips v. Mufleh*, 95 Ohio App.3d 289, 293, 642 N.E.2d 411 (6th Dist.1994).

{¶ 27} Accordingly, we hold that the trial court erred when it ordered Wachovia to make the supplemental payment in its post-affirmance judgment. Wachovia's first assignment of error is well-taken.

## B. Postjudgment Interest

{¶ 28} In its second assignment of error, Wachovia challenges the trial court's determination that statutory interest began to run on January 31, 2012, when the judgment approving the settlement agreement was entered. Statutory interest on a settlement is provided for in R.C. 1343.03(A), which states:

> [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all

judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at that rate provided in the contract.

{¶ 29} Wachovia argues that disbursements under the settlement agreement did not become due and payable until the agreement became final, which the agreement defined as "when the approval of this Agreement and the Order of Final Judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review." Furthermore, Wachovia argues that the trial court had no authority to amend the settlement agreement in its second January 31, 2012 judgment to make the agreement final on that date. *See Evans v. Jeff D.*, 475 U.S. 717, 726, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) ("Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."). Thus, Wachovia concludes that it only owes statutory interest from July 7, 2013, at which time no further appeal of our decision affirming the trial court's January 31, 2012 entries could have been taken.

17.

{¶ 30} The class members, on the other hand, argue that postjudgment interest is automatic and accumulates during the pendency of an appeal. They also argue that nothing in the settlement agreement relieves Wachovia from its statutory responsibility to pay postjudgment interest. Finally, the class members argue that R.C. 1343.03(A) applies to parties to a settlement agreement that has not been reduced to judgment. In contrast, postjudgment interest on a judgment runs from the date the judgment was entered. *Allen v. McElrath*, 11th Dist. Trumbull No. 2009-T-0001, 2009-Ohio-5422, ¶ 21.

{¶ 31} We agree with Wachovia that the trial court erred in awarding statutory interest beginning January 31, 2012. Pertinent to this issue, the Ohio Supreme Court has held that under R.C. 1343.03(A), "The date of a written settlement agreement becomes the date from which postsettlement interest accrues, *unless the parties to such a settlement agreement negotiate a different due and payable date and incorporate that into the written settlement agreement*." (Emphasis added.) *Bellman v. Am. Intl. Group*, 113 Ohio St.3d 323, 2007-Ohio-2071, 865 N.E.2d 853, ¶ 14. Here, although the parties did not specifically mention postjudgment interest in their settlement agreement as noted by the class members, the parties did negotiate that the disbursements would not be made until the appellate process had been exhausted. Thus, the disbursements were not due and payable until July 7, 2013, which is 45 days after we entered our decision in *Wilken v. Wachovia*, 6th Dist. No. H-12-006, 2013-Ohio-2132. *See* S.Ct.Prac.R. 7.01(A)(1)(a)(i). Further, because statutory interest did not begin to accrue until after the

18.

appellate process had been exhausted, the class members' citation to the rule that postjudgment interest continues to accumulate during the pendency of an appeal is inapplicable. In addition, the class members' reliance on *Allen v. McElrath* for the proposition that postjudgment interest runs from the date of the judgment is misplaced. In *Allen v. McElrath*, statutory interest was awarded on a judgment following a bench trial. *Allen v. McElrath*, 11th Dist. Trumbull No. 2009-T-0001, 2009-Ohio-5422, ¶ 3-12. In contrast, the rule in *Bellman v. Am. Intl. Group, supra*, was announced in the context of a lawsuit that was dismissed pursuant to a settlement agreement, as was done in this case. Therefore, we adhere to the rule in *Bellman v. Am. Intl. Group*, and hold that statutory interest begins to accrue on the date that the disbursements become due and payable, which the parties have negotiated to be upon the exhaustion of the appellate process regarding the judgment affirming the settlement agreement.

{¶ 32} Accordingly, Wachovia's second assignment of error is well-taken.

### III. Conclusion

{¶ 33} For the foregoing reasons, the judgment of the Huron County Court of Common Pleas is reversed. The portion of the judgment ordering Wachovia to make the supplemental payment in accordance with the October 6, 2011 letter is reversed and vacated. The portion of the judgment ordering Wachovia to pay statutory interest is modified to reflect that the interest began to accrue as of July 7, 2013. The cause is

remanded for further proceedings consistent with this decision, in particular for the long anticipated disbursement of the settlement amount to the class members if it has not already been made. The class members are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                             JUDGE

Thomas J. Osowik, J.         

                                           _____

Stephen A. Yarbrough, P.J.                                     JUDGE
CONCUR.

                                           _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.