DONNELLY, J., dissenting.
{¶ 1} I disagree with the majority's decision to dismiss the petition for a writ of habeas corpus filed by petitioner, DeErnest D. Collins, who is currently an inmate at the Ross Correctional Institution. I would allow the writ and order respondent, Warden Mark Hooks, to file a return to the petition.
{¶ 2} Collins alleges that his prison term expired on March 10, 2019, but that he is not scheduled for release until March 10, 2022. The source of the three-year discrepancy is a sentencing entry filed on January 28, 2009, when Collins was 16 years old.
{¶ 3} The 2009 entry reflects that Collins pleaded guilty in the Butler County Court of Common Pleas to four felony counts as well as a three-year firearm specification that accompanied Count 1. Counts 1 and 3 involved first-degree felonies, which were each subject to maximum prison terms of ten years at the time of sentencing. See former R.C. 2929.14(A)(1), 2008 Sub.S.B. No. 220. On Count 1, the trial court imposed a seven-year term for the first-degree felony, along with a mandatory three-year term for the firearm specification, for a total of ten years. The trial court then imposed maximum sentences on all the other counts. See former R.C. 2929.14(A)(2) and (3). The entry states that the sentences on Counts 2 through 4 are to run concurrently with the sentence on Count 1, with no mention of the firearm-specification term contained within the sentence for Count 1. The entry does not state an aggregate sentence.
{¶ 4} Collins contends that he was sentenced to an aggregate term of ten years on January 28, 2009, and that Warden Hooks has added three years to the sentence based on the warden's application of R.C. 2929.14(C)(1)(a) (requiring consecutively run prison terms for certain firearm-related specifications) rather than carry out the trial court's sentencing entry as written.
{¶ 5} If a petition, on its face, states a claim warranting relief in habeas corpus, this court is required by statute and by the Ohio Constitution to allow the writ and order a return. Ohio Constitution, Article I, Section 8; R.C. 2725.05 and 2725.06; Chari v. Vore, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001); Hughes v. Scaffide, 53 Ohio St.2d 85, 372 N.E.2d 598 (1978), syllabus. Because Collins is asserting error in the warden's interpretation of the sentencing entry, rather than an error in the sentencing entry itself, his petition has stated a proper cause of action in habeas. State ex rel. Oliver v. Turner, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 12. Therefore, summary dismissal is appropriate only if it appears beyond doubt that Collins can prove no set of facts that would entitle him to relief in habeas. See Keith v. Bobby, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.
{¶ 6} Assuming the truth of Collins's factual allegations, the warden's interpretation of the law was correct in that the trial court should have required the firearm-specification term to run consecutively not only to the sentence for the felony charged in Count 1 but also to the sentences on all the other counts in the indictment pursuant to R.C. 2929.14(C)(1)(a) (then codified as R.C. 2929.14(D)(1)(a)). The warden's role, though, is limited to carrying out the sentence that the trial court actually imposed; the warden
An additional term of three (3) years is imposed as a mandatory and consecutive term pursuant to Revised Code Section 2929.14(D)(1)(a) [now codified as R.C. 2929.14(C)(1)(a)] to be served before any other time is served as to the specification for having a firearm on or about the offender's person or under the
(Capitalization sic and emphasis added.) Looking at this clause alone, without consideration of the sentencing entry as a whole, one might think that the trial court required Collins's firearm-specification term to run consecutively to all four of the prison terms imposed on Collins's felony convictions. But the interpretation of a sentencing entry is not a mere word-search game; we should construe the terms of an entry, like any other writing, in light of the document as a whole. See United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 70 S.Ct. 309 (1926) (construing a defendant's sentence based on "the reasonable and natural implication from the whole entry"); see also Shaver v. Std. Oil Co., 135 Ohio App.3d 242, 248, 733 N.E.2d 645 (6th Dist.1999) ("Judgments are to be construed like other written instruments by giving the language of the instrument its ordinary meaning").
{¶ 8} Irrespective of the presence of the phrase "before any other time is served" in the firearm-specification clause, the way in which the trial court crafted the sentence-by reducing the maximum term in the first count to arrive at a total of ten years on Count 1 and then requiring all other sentences to run concurrently-strongly suggests that the court intended for Collins to receive a 10-year aggregate prison term. If the court had intended a 13-year term, the most straightforward approach would have been to impose the maximum ten years on the first-degree felony charged in Count 1, the count may not impose his own sentence based on his application of the law to the sentencing entry. State v. Grimes, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 21.
{¶ 7} I assume that the majority has decided to dismiss Collins's petition based on the following boilerplate1 language accompanying the firearm specification:
offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense, Revised Code Section 2941.14.5, as set forth in Count ONE of the Indictment.
containing the firearm specification. Moreover, given the entry's failure to state an aggregate sentence, the entry's instructions requiring the sentences on Counts 2 through 4 to run concurrently with the sentence on Count 1 creates ambiguity regarding the language in the firearm-specification clause that cannot be resolved by reference to the sentencing entry alone. Given the ambiguities and inconsistencies in the sentencing entry, it is not possible to conclude that Collins can prove no set of facts that would entitle him to relief in habeas.
{¶ 9} It is true that a court speaks through its journal, but if its journal contains ambiguity, we must look beyond the journal itself to ascertain the court's true meaning. See State ex rel. Ogan v. Teater, 54 Ohio St.2d 235, 237, 375 N.E.2d 1233 (1978), fn. 1; Ohio Water Serv. Co. v. Ressler, 173 Ohio St. 33, 35-36, 180 N.E.2d 2 (1962) (construing a particular phrase in a judgment entry in light of surrounding circumstances); Young v. Bunting, 3d Dist. Marion Nos. 9-13-46 and 9-13-47, 2014-Ohio-3671, ¶ 17 (ambiguity in a sentencing entry on the consecutive or concurrent nature of sentences required a remand to the common pleas court that had denied habeas relief to review the full record).
{¶ 10} The journal entry at issue in this case is, at best, completely ambiguous. On January 28, 2009, Collins may very well have received a 10-year aggregate sentence and he may very well have received a 13-year aggregate sentence. Had the trial court's intent been to impose a 13-year term, the most logical way to accomplish that would have been to impose the maximum ten years on the first-degree felony charged in Count 1 instead of waiting to impose the maximum ten years on the first-degree felony charged in Count 3. The fact that the trial court did not do so is cause for concern. Due to the illogical sequence of the first-degree-felony prison terms, the instructions requiring the sentences imposed on Counts 2 through 4 to run concurrently with the sentence imposed on Count 1, the failure to state an aggregate sentence, and the fact that the sentences were imposed pursuant to a negotiated plea agreement entered into by a 16-year-old, this sentencing entry demands clarification.
{¶ 11} There is an extremely easy alternative to engaging in speculation to clarify the inconsistencies in Collins's sentencing entry: order the warden to file a return to the petition to allow this court to examine the detention. A quick review of the full record of Collins's case- including the January 28, 2009 sentencing-hearing transcript-will more than likely reveal exactly what sentence the trial court imposed. It is unconscionable to risk keeping Collins unlawfully in prison for three years beyond his actual sentence by refusing to take this simple step.
{¶ 12} This case presents the exact problem that habeas corpus exists to solve. It is a manifest injustice to fail to require a return to the petition to ascertain the truth. I therefore dissent from this court's summary dismissal of Collins's petition.
STEWART, J., concurs in the foregoing opinion.